Decided March 4, 1895.

## MENDENHALL v. HARRISBURG WATER COMPANY.

[39 Pac. 399.]

1. AMENDMENT OF PLEADINGS TO CONFORM TO PROOFS.—A party is not en-
titled to amend his pleadings to conform to the proofs, where objection
was made to the introduction of the evidence on account of which the
amendment is desired: *Cook* v. *Croisan,* 25 Or. 475, distinguished.

2. INJUNCTION AGAINST TRESPASS—JURISDICTION.—While the writ of injunc-
tion should be sparingly used in cases of trespass, still where the injury
inflicted will be irreparable by damages, or will of necessity result in op-
pressive litigation, or the injury goes to the destruction of the estate in
the manner in which it has been used, a court of equity may properly in-
terfere to prevent the wrong: *Smith* v. *Gardner,* 12 Or. 221, cited and ap-
proved.

APPEAL from Linn: GEO. H. BURNETT, Judge.

This is a suit by Ella H. Mendenhall to enjoin the Harrisburg Water Power Company from taking possession of land belonging to the plaintiff, and cutting timb r and enlarging a ditch thereon, without first having it condemned for that purpose. The facts are that one Jason S. Clark, in eighteen hundred and fifty-two, and the year following, built a dam in a branch of the Willamette River, and dug a ditch therefrom across the lands now owned by the plaintiff, and conducted water therein to operate his mill, and on October twelfth, eighteen hundred and fifty-seven, conveyed said premises to one John A. Kendall by a deed containing the following reservation: "The said Clark reserves the right of one rod in width where his mill race is now dug, running through said tract of land forever, in his own title, with all the appurtenances." The legal title to said premises so conveyed to Kendall has by mesne conveyances become vested in the plaintiff, and the easement so reserved, has passed to one W. S. Ladd, under whom the defendant obtained possession. The defendant commenced the construction of a new dam across said branch of the river about two hundred and fifty feet below the site of the old one, placing the north end of it upon the plaintiff's land, and the south end upon that of her husband, which, if completed, will destroy a ford used by the plaintiff and her husband in crossing to and from their respective lands. The ditch having become shallow and much widened, the defendant set stakes along its banks, intending to widen it to thirty feet, and throw the dirt therefrom upon the adjacent land, and had entered thereon, and cut down and burned some small timber and brush which grew along the banks of the ditch.

The plaintiff alleges that the defendant is a corporation organized with the object, among others, of digging a canal from a branch of the Willamette River, and con-

ducting water therefrom for the use of the citizens of Harrisburg, in Linn County; that it had a right of way across her land, and the right to the use of a ditch thereon of the width of from twelve to fifteen feet, and no more; that the defendant, without having obtained her license or consent, and without paying for the land, or having it condemned, entered upon her premises, commenced building a dam partly thereon, cut valuable timber therefrom, and intended to and would, unless restrained, widen the ditch to thirty feet, and prays for a decree perpetually enjoining it from erecting or maintaining said dam, or otherwise trespassing upon her land. The defendant, after denying the material allegations of the complaint, except the existence of the ditch, for a separate defense alleges that one W. M. Ladd was the owner of a right of way and ditch thereon from fifteen to twenty feet in width, which he leased to defendant, and licensed it to enter upon and construct a canal for the purposes indicated in its charter, and that its acts, of which the plaintiff complains, consisted in deepening the canal within the limits of the right of way. A reply having put in issue the allegations of new matter contained in the answer, the cause was referred to J. C. Powell, Esq., who took and reported the evidence, with his findings of fact and law thereon.

After the defendant's evidence had been taken, it asked leave by its counsel to file an amended answer, based upon the affidavit of one of its attorneys, which showed that he supposed and alleged that W. M. Ladd was the owner of the ditch and right of way, and did not know that W. S. Ladd was the owner until the contract entered into between him and the defendant was offered in evidence. It also appeared from said affidavit that the defendant and those under whom it claims title had for many years exercised the right of going upon plaintiff's premises to repair the ditch, and that he believed it was

material and necessary to a proper defense that the answer should be amended so as to make the allegations conform to the evidence. The defendant tendered with said affidavit an amended answer alleging that W. S. Ladd became the owner of certain mill property to which said ditch and right of way were appurtenant, but that the deed therefor had been executed to one W. M. Ladd, who took the title thereto in trust for W. S. Ladd, from whom it secured the right to enter upon said premises and appurtenants thereto to repair the dam and ditch; that the ditch was from fifteen to thirty feet in width, and the excavation complained of was confined to deepening it within the limits of the right of way; that Ladd and his grantors had been in the open, notorious, and adverse possession of said right of way for more than forty years, and a prescriptive right had thereby been acquired to enter upon plaintiff's premises to repair the ditch; that the defendant has with plaintiff's knowledge expended large sums of money in constructing the canal over most of plaintiff's land, and in building the dam, without any objection upon her part until the commencement of this suit; that defendant is solvent, and able and willing to pay plaintiff any damage which she may sustain by reason of the matters alleged in her complaint. The motion for leave to file the amended answer having been denied, the referee found for the plaintiff upon all the issues, except that the right of way was sixteen and one half feet in width, the use of which could not be enjoyed without the right of defendant to enter upon plaintiff's land fifteen feet outside of the right of way for the purpose of making necessary repairs; and, as conclusions of law therefrom, found that plaintiff was entitled to an injunction perpetually restraining the defendant from widening the ditch beyond sixteen and one half feet, from

27 OR.—6.

trespassing upon or destroying any timber upon plaintiff's land or throwing any earth or other material thereon, except along said ditch and within fifteen feet of the banks thereof on either side, and from building or maintaining the dam at any other place than the old site. The court modified the findings of the referee by excluding the defendant's right of entry upon plaintiff's land outside of the sixteen and one half feet of right of way, and rendered a decree in accordance with the amended findings from which the defendant appeals.

AFFIRMED.

For appellant there was a brief by *Messrs. George E. Chamberlain* and *Weatherford and Wyatt,* and an oral argument by *Mr. Chamberlain.*

For respondent there was a brief and an oral argument by *Mr. D. R. N. Blackburn.*

Opinion by MR. JUSTICE MOORE.

1. It is contended that the court, by refusing to allow the defendant to file its amended answer, abused its discretion. The plaintiff alleged in her complaint that the defendant had a right of way across her lands, and the use of the ditch thereon, which was admitted in the answer. The only issue upon the question was as to the width of the tract subject to the right, and hence it was immaterial from whom the defendant obtained it. The transcript shows that objection was made to the introduction of evidence tending to show an adverse user outside of the reserved right of way, or an estoppel by the plaintiff's seeming acquiescence in the construction of the dam or excavation of the ditch. "When," says LORD, J., in *Cook* v. *Croisan,* 25 Or. 475 (36 Pac. 532), "the parties proceed with a trial, and evidence is received without objection, supporting material matters which are not set out in

the pleadings, the court may permit the pleadings to be amended to conform with the proofs." The right to amend a pleading so as to make it conform to the proof proceeds upon the theory that it presented the issues sought to be established by the evidence introduced and admitted without objection, but that some material allegation had been inadvertently omitted therefrom. In such cases it is the duty of the court, after the evidence upon the supposed issue has been introduced without objection, to permit the amendment; but when objection has been made to its introduction, the court has no authority to allow such an amendment, as this would have a tendency to invert the orderly mode of trial prescribed by statute, and lead to the practice of settling issues after instead of before trial, thereby returning to primitive methods. The plaintiff having made objection to the introduction of this evidence, there was no abuse of discretion in denying leave to the defendant to file its amended answer.

2. It is contended that equity will not relieve against a trespass when the injury is not irreparable, but susceptible of pecuniary compensation. "The practice," says LORD, J., in *Smith* v. *Gardner,* 12 Or. 221, (53 Am. Rep. 342, 6 Pac. 771,) "of granting injunctions in cases of trespass is of comparatively modern origin, and is a jurisdiction sparingly indulged, and only upon a state of facts which show that the injury would be irreparable, and the remedy at law inadequate to redress the wrong or injury complained of. When the nature of the trespass is such as must necessarily lead to oppressive litigation or a multiplicity of suits, or the injury goes to the destruction of the estate in the character in which it is enjoyed, or the trespass cannot be adequately compensated in damages, and the remedy at law is plainly inadequate, a court of equity, in such or like cases, is authorized to interfere and grant relief by injunction." In the case at

bar the evidence shows that the defendant threatened to widen the ditch beyond the limits of its right of way, and throw the material taken therefrom upon plaintiff's land; to construct and maintain a dam, the backwater from which would destroy the ford used by the plaintiff and her husband; and to cut and destroy timber growing along the banks of the ditch outside of the right of way. The injury complained of is more than a mere trespass; it goes to the destruction of plaintiff's estate. If the defendant could widen its ditch, and encroach upon and excavate the plaintiff's land, without having it condemned, then the limits of its right would be bounded, not by its necessity, but by its desires, and financial ability to accomplish them. Ever since the feudal ages the title to and possession of real property has been considered a valuable right, and courts of equity, since their organization, have used their power to protect this right, and by injunction have prevented encroachments upon such property which tend to diminish the owner's estate therein. Commenting upon a similar contention in the case of *Chicago and Burlington Railway Company* v. *Porter,* 72 Iowa, 426 (34 N. W. 286), ROTHROCK, J., said: ''It is further claimed that injunction is not the proper remedy; that the action should have been at law, for damages. We do not think this position is well taken. There can be no doubt that equity will enjoin encroachments upon land by making excavations, erecting permanent buildings, and the like.'' The threatened destruction of the ford by the erection of the new dam would be an injury to a private easement appurtenant to plaintiff's land, which equity will enjoin: Washburn's Easements and Servitudes, 670. The injury complained of having threatened the destruction of plaintiff's estate and private easement, and the defendant not having shown any legal right to widen the ditch beyond sixteen and one half feet, or to erect the

dam, except upon the old site, it follows that the decree must be affirmed and it is so ordered.      AFFIRMED.

Mr. Justice WOLVERTON having been engaged in this case in the court below, took no part in the trial here.

Decided March 4, 1895.