[No. 8833.   Department One.   July 22, 1910.]

INTERNATIONAL DEVELOPMENT COMPANY, *Appellant*, v. W. R. CLEMANS *et al.*, *Respondents*.[1]

COVENANTS—AGAINST INCUMBRANCES—BREACH—DAMAGES.  A covenant of warranty against incumbrances is one of indemnity and only nominal damages can be recovered for a breach, where the plaintiff fails to allege either an eviction or a discharge of the incumbrances.

PLEADINGS—AMENDMENTS—DAMAGES—ARISING AFTER ACTION.  Usually, for the recovery of damages occurring after the commencement of an action, the plaintiff should file an amended or supplemental complaint.

SAME—DISCRETION OF COURT.  It is not an abuse of discretion to refuse leave to file an amended or supplemental complaint to show damages occurring after the commencement of an action for breach of covenant, where the plaintiff had attached defendant's property when it had no substantial right of action and did not ask leave to amend until after the court had charged the jury at the close of the trial.

SAME—AMENDMENTS TO CONFORM TO PROOF.  A complaint should not be deemed amended to conform to the proof, so as to permit a recovery outside of the allegations of the complaint, where the proof was objected to, and in amending it the court expressly restricted it to another proper purpose because such recovery was not sought in the complaint.

Appeal by plaintiff from a judgment of the superior court for Spokane county, Sullivan, J., entered November 12, 1909, upon the verdict of a jury rendered in favor of the plaintiff for nominal damages by direction of the court, in an action for breach of covenant.   Affirmed.

[1]Reported in 109 Pac. 1034.

*Danson & Williams*, for appellant.

*Forney & Moore* and *Samuel R. Stern*, for respondents.

RUDKIN, C. J.—This was an action to recover damages for breach of the covenants of warranty contained in a certain deed executed by E. M. Sharon and wife, as grantors, in favor of the plaintiff herein, as grantee, for certain land in Adams county, in this state. While the deed was executed by E. M. Sharon and wife, the complaint alleged that the Sharons held the title to the property as agents for the defendants, who were the real principals in the transaction and received the entire consideration for the conveyance. The deed contained a covenant of title and also a covenant against encumbrances, except a mortgage on the land in favor of the Northwestern & Pacific Hypotheekbank in the sum of $4,800, and a mortgage in favor of one Flood in the sum of $3,000. The land was in fact subject to numerous other encumbrances, including a quitclaim deed executed by a former owner to the Bank of Lind, to secure certain indebtedness to the bank, upon which an action of foreclosure was pending at the time of the commencement of the present action. The complaint alleged a demand upon the defendants to satisfy and discharge the encumbrances against the property, but failed to allege either an eviction or a discharge of any of the encumbrances by the plaintiff.

At the close of the testimony, the court charged the jury that if they found in favor of the plaintiff they should award nominal damages only, and that by nominal damages was meant $1 or less. The plaintiff thereupon asked leave to file an amended or supplemental complaint for the purpose of showing that a judgment of foreclosure had been entered in the action prosecuted by the Bank of Lind; that the property had been sold on execution and bought in by the bank, and that the bank had entered into possession of the property, all of which occurred since the commencement of the present action. Leave to file the amended or supplemental complaint

was denied, and the jury returned a verdict in favor of the plaintiff for nominal damages. From a judgment on this verdict, the plaintiff has appealed, and the following questions are presented for the consideration of this court.

First, in view of the failure of the complaint to allege either an eviction or a discharge of the encumbrances against the property by the appellant, did the court err in charging the jury that the appellant was entitled to recover nominal damages only; second, did the court err in refusing leave to file an amended or supplemental complaint; and third, did the court err in refusing to consider the complaint amended to conform to the proof, which tended to show that, since the commencement of this action, the property had been sold on execution, and that the purchaser at the sale had entered into possession?

(1)    In discussing the measure of damages for breach of a covenant against encumbrances, in 2 Devlin on Deeds (2d ed.), § 916, the author says:

"This covenant is considered to be one of indemnity. If the covenantee has not removed the encumbrance, it may be that he will never be disturbed by it. He may discharge the encumbrance, but if he does not do so the universal rule is that while it remains undischarged and he has suffered no actual injury, he is entitled to only nominal damages."

Sutherland says: "This is the settled American rule." 2 Sutherland, Damages (3d ed.), § 622.
See, also, 11 Cyc. 1165; *Williams v. Hewitt*, 57 Wash. 62, 106 Pac. 496.

The reason generally assigned is that if the covenantee has not extinguished the encumbrance it is still outstanding, and may be asserted and enforced against the person personally liable, and if the covenantee were permitted to recover substantial damages, and the encumbrance was thereafter discharged by another, the covenantee would recover damages which he never sustained. We are satisfied with this rule and the reasons upon which it is founded. The appellant suggests that the encumbrances here involved were not personal charges

against the respondents, but if they were not they are personal charges against some other person and the reason for the rule still applies. The instruction complained of is supported by well-nigh universal authority and is free from error.

(2)  "The assessment of damages is usually governed by the situation or condition of affairs existing at the time the action is brought; hence for a recovery of loss or damages occurring thereafter plaintiff should amend or file a supplementary petition." 13 Cyc. 177.

Amendments should be liberally allowed in furtherance of justice and to prevent a multiplicity of suits, but nevertheless applications for leave to file amended or supplemental complaints are addressed to the sound discretion of the trial court, and its ruling will not be reversed on appeal unless a manifest abuse is shown. In the present case the appellant instituted its action and attached the property of the respondents at a time when it had no substantial right of action against them, and the application for leave to amend was not made until after the court had charged the jury at the close of the trial. In view of these facts, it cannot be said that the court below abused the broad discretion vested in it by law.

(3)  A recovery on testimony without the allegations of the complaint is only warranted where the testimony is received without objection. In this case the trial court ruled repeatedly during the trial that testimony tending to show a foreclosure of the quitclaim deed to the Bank of Lind was only admitted for the purpose of showing the existence of a lien or encumbrance. Thus, on page 275 of the transcript, the court said: "This judgment was only admitted to show that a lien existed, there is nothing in the complaint about it being foreclosed." Again, on the same page, the court said: "I say it is admitted for that purpose and no other, simply to show the lien against it, I do not want any dispute about these matters. The answer admits these liens are against it." Under such circumstances the complaint should not be deemed

amended to conform to the proofs, for the purpose of author-
izing a recovery outside of the allegations of the complaint.
These are the principal objections urged against the judg-
ment below, and finding no error in the record, that judgment
is affirmed.

FULLERTON, GOSE, CHADWICK, and MORRIS, JJ., concur.