[No. 8840.   Department Two.   September 3, 1910.]

E. F. HARSIN, *Appellant*, v. LOUIS L. OMAN *et al.*,
*Respondents.*[1]

PLEADING—COMPLAINT—SUPPLEMENTAL PLEADINGS — AMENDMENT
AFTER DECISION—DISCRETION.   In an action for breach of covenant
against incumbrances, it is not an abuse of discretion to deny
leave to file a supplemental complaint, after a trial before the court
without a jury and after the court had orally announced its de-
cision for nominal damages, in order to show payment and discharge
of the incumbrances by the plaintiff after the decision was made.

Appeal by plaintiff from a judgment of the superior court
for Spokane county, Webster, J., entered March 19, 1910,
upon findings in favor of the plaintiff for nominal damages,
in an action for breach of covenant against incumbrances.
Affirmed.

*John L. Dirks*, for appellant.

*Starkey & Belknap*, for respondents.

PARKER, J.—This is an action to recover damages for
breach of covenants of warranty.   From a judgment in favor
of the plaintiff, awarding him nominal damages only, he has
appealed to this court, contending that the trial court er-
roneously denied his motion for leave to file a supplemental
complaint.

In May, 1909, appellant commenced this action, alleging in
his complaint, in substance, that, in January, 1909, the re-
spondents conveyed to him for valuable consideration certain
lots in Spokane, by deed containing covenants of warranty
to the effect that the lots were then free from all incum-
brances; that the lots were not then free from incumbrances,
but were subject to certain local assessments, and that prior
to the commencement of the action he demanded of respond-
ents that they remove the incumbrance, which they have re-
fused to do.   The prayer was for damages in a sum equalling

[1]Reported in 110 Pac. 621.

the amount of the assessments. There were no allegations in the complaint showing payment of the assessments by appellant, or of any impairment of his possession or enjoyment of the lots.

After a trial upon the merits, on January 3, 1910, the court orally announced its decision in favor of the appellant, and fixed the amount of his recovery at the sum of one dollar. This was evidently upon the theory that he was entitled to nominal damages only. Thereafter, on January 15, 1910, the appellant's attorney served upon respondents' attorneys a motion for an order granting leave to file in the action a supplemental complaint, a copy of the proposed supplemental complaint being served with the motion. This complaint contained, in substance, the same allegations as the original complaint, and contained additional allegations showing that the appellant had paid the assessments on January 6, 1910. This alleged payment, it will be noticed, was made after the court had orally announced its decision upon the merits.

The only question argued by learned counsel for appellant in his brief is the alleged error of the court in denying their motion for leave to file the supplemental complaint. The principle announced in the recent decision of this court in the case of *International Development Co. v. Clemans, ante* p. 398, 109 Pac. 1034, is, we think, decisive of this case. In that case the appellant moved for leave to file a supplemental complaint after the case was submitted to the jury and before verdict was rendered. The making of the motion was there evidently prompted by the charge of the court to the jury, indicating that the plaintiff would be entitled to nominal damages only, as it was here evidently prompted by the court's decision. The original issues in that case were, in substance, the same as here, as were the new facts sought to be brought into the case by the proposed supplemental complaint. Indeed, that case differs from this only in that it was being tried by a jury, and the motion came after the

submission of the cause to the jury and before verdict; while this case was being tried by the court, and the motion came not only after submission of the cause to the court upon the merits, but after the court had actually announced its decision upon the merits.  It was held there was no abuse of discretion in the trial court denying the motion in that case, and it necessarily follows that there was no abuse of discretion in this case.  That decision not only shows the correctness of the trial court's decision upon the motion for leave to file a supplemental complaint, but also that the decision of the court upon the merits was clearly right.

We are of the opinion that the judgment should be affirmed.  It is so ordered.

RUDKIN, C. J., DUNBAR, CROW, and MOUNT, JJ., concur.