[No. 9010.  Department One.  November 21, 1910.]

A. G. WORTHINGTON et al., Respondents, v. F. A. LA VIOLETTE, Appellant.[1]

PROCESS—SUMMONS FOR PUBLICATION—SUFFICIENCY. A summons by publication requiring the defendant to appear within sixty days after the "service" of the summons is not in accordance with the statute, and is insufficient to confer jurisdiction to enter a judgment of default.

SAME—JUDGMENT—SERVICE OF PROCESS—EVIDENCE. In an action to set aside a default judgment in a tax foreclosure, a finding that there was no summons other than a defective publication shown by the files is warranted where the defendants in the foreclosure were not personally served, the files show no other service than the defective publication, and there was no affirmative showing that any other service was made.

[1] Reported in 111 Pac. 784.

TAXATION—PLEADING AND PROOF—AMENDMENTS. Where, in an
action to set aside a tax title, the defendant in two amended answers
pleaded title and possession in himself, it is not an abuse of dis-
cretion, upon sustaining an objection to his deposition showing that
he was a married man, to refuse leave to amend the answer to show
that the title was in himself and wife as community property.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered March 16, 1910, upon findings
in favor of the plaintiffs, after a trial on the merits before
the court without a jury, in an action to vacate a tax deed
and to quiet title. Affirmed.

*J. C. Cross (A. Emerson Cross,* of counsel), for appellant.
*J. D. Bauer (Foster & Worthington,* of counsel), for re-
spondents.

PARKER, J.—This is an action to set aside a tax deed and
recover the property therein described. The plaintiffs allege
in their complaint their ownership and facts showing want
of jurisdiction in the court to render the judgment upon
which the tax deed is based. The defendant filed an answer,
an amended answer, and a second amended answer, in all of
which he denies the allegations of the complaint relating to
want of jurisdiction to render the judgment upon which the
tax deed is based, alleges in substance that he is in possession
of and claims title to the property under the tax deed, and
pleads no other right or title to the property, either in him-
self or any other person. A trial before the court resulted
in a judgment in favor of the plaintiffs. The defendant has
appealed.

The record in the tax foreclosure case, introduced in evi-
dence upon the trial, fails to show the issuance or service of
any summons in that case, other than one that was served by
publication only, containing no directions for the defendant's
appearance except the following:

"You and each of you are hereby directed and summoned
to appear within 60 days after the service of this notice and

summons upon you, exclusive of the date of service in the
above entitled court, and defend the action or pay the amount
due together with the costs."

That record also contains the usual affidavit of nonresi-
dence of the defendant.    There was evidence tending to
show that the owners of the property, at the time of the fore-
closure, were never personally served with this summons or
other process in that case.    The appellant offered no evi-
dence of the issuance or service of any other summons.    It is
clear that the published summons was void and gave the
court no jurisdiction to decree the foreclosure of the taxes,
since it was not such a summons as the law requires; and it
is equally clear that respondents' evidence made a *prima facie*
showing that there was no other summons issued or served
in the case.    *Pillsbury v. Beresford,* 58 Wash. 656, 109 Pac.
193; *Gould v. White,* 54 Wash. 394, 103 Pac. 460; *Thomp-
son v. Robbins,* 32 Wash. 149, 72 Pac. 1043.    And there be-
ing no affirmative proof of the issuance or service of any other
summons than this void one, the trial court was fully war-
ranted in finding, as it did in substance, that there was no
other summons upon which the judgment and tax deed could
rest.

At the trial, after respondents had rested, there was read
in behalf of appellant his deposition, wherein among other
things, he testified that he was married at the time he received
the tax deed.    This testimony appears to have gone into the
deposition over the objections of respondents' counsel.    Just
what objections were made to it when read to the court at the
trial is not clear from the record. However, appellant's counsel
immediately moved the court for leave to amend his second
amended answer, by alleging that the property was the com-
munity property of appellant and his wife.    This was ob-
jected to by counsel for respondents.    The court sustained
the objection and denied the motion.    Learned counsel for
appellant contend that the court erred in denying his motion
to amend, and insist that we should now treat the cause as if

this proposed amendment was actually made, in view of the manner in which this marriage relation appeared in the case. They seem to assume that this fact appeared in the evidence without objection from respondents, since the statement of facts does not clearly show that it was objected to at the moment it was read to the court upon the trial. It is clear, however, that the motion to amend was immediately made and objected to. We think the objection in the deposition, and the objection to the motion to amend immediately following the reading of the testimony, shows clearly that the respondents were not consenting to the introduction of evidence tending to show title in any other person than appellant, which was clearly the purpose of the testimony and proposed amendment. In appellant's second amended answer, as well as his two previous answers, he pleaded possession and title in himself alone. His proof could not go beyond that, over respondents' objections, in the absence of a timely amendment to his answer raising such an issue. Rem. & Bal. Code, § 794; *Garvey v. Garvey*, 52 Wash. 516, 101 Pac. 45; *Murray v. Briggs*, 29 Wash. 245, 69 Pac. 765; *Allen v. Higgins*, 9 Wash. 446, 37 Pac. 671, 43 Am. St. 847; *Raymond v. Morrison*, 9 Wash. 156, 37 Pac. 318. And it is plain that the court did not abuse its discretion in denying appellant's motion for leave to amend at that late day. *Harsin v. Oman*, 59 Wash. 693, 110 Pac. 621; *International Development Co. v. Clemans*, 59 Wash. 398, 109 Pac. 1034.

The judgment is affirmed.

RUDKIN, C. J., MOUNT, GOSE, and FULLERTON, JJ., concur.