## NORTHWEST THRESHER CO. v. McNINCH.

No. 3446.   Opinion Filed May 12, 1914.

(140 Pac. 1170.)

1. **PLEADING—Answer—Amendment During Trial.** The trial court abused its discretion in allowing the defendant to allege mutual mistake of law, over the objection of plaintiff, after the evidence was closed on both sides, witnesses discharged, the jury instructed, and counsel for defendant having made his opening argument to the jury, without granting the plaintiff a continuance in order to meet the issue presented by the plea of mutual mistake of law.

2. **SAME—Amendment to Conform to Proof.** An amendment to an answer cannot be made on the theory of conforming the answer to the facts proven, when the evidence relied on to support the amendment was immaterial and incompetent to any issue in the case, and was introduced over the objection of the plaintiff.

3. **BILLS AND NOTES—Mutual Mistake—Sufficiency of Evidence.** Evidence examined, and held insufficient to constitute a mutual mistake of law from which relief can be had.

4. **CONTRACTS—"Mutual Mistake of Law."** A "mutual mistake of law" is a misapprehension of the law by all parties, all supposing that they knew and understood it, and all making substantially the same mistake as to the law.

5. **SAME—Defenses—Mutual Mistake of Law.** It is an essential element of the defense of a mutual mistake of law that the mistake must be of a material nature and be the determining ground of the transaction.

6. **PRINCIPAL AND AGENT—Contracts—Defenses—Mutual Mistake of Law.** Where defendant relies upon a mutual mistake of law as a defense, and the proof shows that the mutual mistake of law is based upon a collateral oral agreement in the name of the agent, independent of the written agreement entered into on behalf of the principal, evidence that the defendant and the agent misapprehended the law relative to such oral agreement, both supposing that they knew and understood it, and both making substantially the same mistake as to the law, is not sufficient to establish a mutual mistake of law on the part of the principal.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Canadian County;*
*John J. Carney, Judge.*

Action by the Northwest Thresher Company against W. E. McNinch. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with instructions.

On the 26th day of September, 1906, the Northwest Thresher Company instituted this suit on a promissory note for $150. It appears from the record that the plaintiff, through its agent, George Gill, took an order from one J. R. McClung, for a threshing machine; under the terms of said order he was required to furnish farmers' notes in the sum of $1,000 as collateral security to said indebtedness, payable directly to the Northwest Thresher Company, and said notes contained a clause that the same were executed in consideration of credit extended to the said J. R. McClung in the purchase of said machine. Prior to that time, a contract was entered into between the parties, providing for the execution of said note by the defendant upon the delivery of the threshing machine to McClung, and the note sued on was executed under said contract. The defendant answered on the 24th day of October, 1906, a copy of which answer is found in *McNinch v. Northwest Thresher Co.*, 23 Okla. 388, 100 Pac. 524, 138 Am. St. Rep. 803, the defense being: First, a failure of consideration other than that stipulated in the writing; and second, that by fraud and mistake of fact the written agreement stipulates for a particular consideration which was not the true consideration, and that the true consideration failed. This answer was amended on December 21, 1906; a demurrer was sustained to the first defense, and a motion to make more definite and certain to the second defense, and the cause appealed to this court, and decided in the case of *McNinch v. Northwest Thresher Co., supra,* sustaining the demurrer to the first defense, and holding that the defendant had measurably complied with the order to make more definite and certain as to the second defense. On August 19, 1909, defendant again amended his answer by alleging, in substance, the same as his former allegation, and again, on December 27, 1909, defendant amended his answer by filing an amendment to, and substitution for, the second count of his answer. Issues were joined by the plaintiff, and on January 10, 1910, the trial was commenced. At that time there was no allega-

tion of mutual mistake of law. During the first day of the trial the defendant again filed an amendment to his answer, setting forth an alleged defense relative to the execution of the contract dated May 12, 1905, and again, during the trial defendant asked and was permitted to file an additional amendment to his amended answer, by alleging the defense of fraud and mistake. Issues were joined on these amendments and the cause submitted to the jury; after the instructions were given and the argument under way, the defense asked leave to file an amendment, alleging "mutual mistake of law," in order to conform his answer to the facts proven, which was allowed by the court. The court then withdrew from the jury all the grounds of defense, except mutual mistake of law. The facts relating to mutual mistake of law will be found in the body of the opinion. All the amendments were made over the objection of the plaintiff, the cause was submitted to a jury, and resulted in a verdict in favor of the defendant, and the plaintiff brings the cause here for review.

M. D. Libby, for plaintiff in error.

Jas. L. Brown and Floyd Wheeler, for defendant in error.

Opinion by RITTENHOUSE, C. There are numerous assignments of error presented by plaintiff, but it will only be necessary for us to consider two of the questions raised. (1) Did the court abuse its discretion in allowing defendant to amend its answer by alleging mutual mistake of law, after the evidence was submitted and the opening argument of defendant closed? (2) Did the evidence offered by the defendant prove the allegations of mutual mistake of law? The answer of defendant was amended four times before trial, three times during trial, and once during the argument.

The trial court abused its discretion in allowing the defendant to amend his answer to allege mutual mistake of law, after the evidence had been closed on both sides, witnesses excused, the jury instructed, and counsel for defendant having made his opening argument to the jury; such amendment being over the objection of the plaintiff, and without giving the plaintiff an op-

portunity to defend as against the defense of mutual mistake of law.  Under section 5679, Comp. Laws 1909, the court is vested with considerable discretion in allowing amendments, where such amendments do not change substantially the claim or defense. *Gross Construction Co. v. Hale,* 37 Okla. 131, 129 Pac. 28.  The plaintiff objected to the amendment on the ground that the same was a surprise, and that it was not prepared to meet the issue raised by the amendment, the witnesses having been excused and not in attendance on the court; it was therefore an abuse of discretion to allow the amendment alleging mutual mistake of law, without granting to the plaintiff an opportunity to meet such issue.

The order allowing defendant to amend by alleging mutual mistake of law was improper for another reason: at the time the evidence, relied on as establishing the defense of mutual mistake of law, was offered, plaintiff objected to such evidence upon the ground that the same was immaterial and incompetent to any issue in the case; the court, therefore, erred in permitting the ·amendment to conform to the facts proven when such facts were admitted over the objection of the plaintiff, and were not within the issue.

"A motion, after the close of the evidence, to conform the pleadings to the proof, can never be granted where the° admission of the evidence was properly objected to when it was offered, upon the ground that it did not tend to support the allegations of the pleadings."

1 Ency. Pl. & Pr. 585; *Walker v. O'Connell,* 59 Kan. 306, 52 Pac. 894; *Worthington v. La Violette,* 60 Wash. 525, 111 Pac. 784; *Mendenhall v. Harrisburgh Water Co.,* 27 Ore. 38, 39 Pac. 399; *Heywood Bros. & Wakefield Co. v. Doernbecher Mfg. Co.,* 48 Ore. 359, 86 Pac. 357, 87 Pac. 530; *St. Louis, I. M. & S. R. Co. v. Holmes,* 88 Ark. 181, 114 S. W. 221; *Buxton v. Sargent,* 7 N. D. 503, 75 N. W. 811.

The next question involved in this action is whether the evidence offered by the defendant proves the allegation of mutual mistake of law.  In our opinion, there is no subject-matter in this case on which a mutual mistake of law could be based.  The

defense of mutual mistake of law should only be allowed in extreme cases, and then only when the mistake of law is of a material nature and was the determining ground of the transaction. It will be seen from an examination of the evidence that the facts proven are not sufficient to bring the defense within the class of mutual mistake of law from which relief can be had.  The testimony of McNinch on the issue of mistake of law was, in substance, as follows:  That he was a farmer; that he was not acquainted and familiar with the laws of the territory of Oklahoma and their technical application; that he knew nothing about them; that he did not know and apprehend that by making the writing of May 12, 1905, the law would prevent him from proving an oral agreement outside to do the threshing; that he understood and apprehended the law to be that he could make that oral agreement outside, and that it would be good, notwithstanding it was not in writing; that he did not learn the law to be the contrary until "now"; that this agent whose name was Gill said that if anything happened to the wheat, if it was a failure or the threshing was not done, the notes would be void and could not be collected by law; that was his comprehension of the law and belief of the law at that time; that the oral promise referred to didn't need to be included in the contract  " * * * the statement that he made to me;  * * *  he said that in case the threshing was not done the notes would be void; he said the threshing would be done; that they would make McClung thresh it, and if he didn't thresh it, he (Gill) would thresh it; I would not have signed the contract had I known the law to be as I now find it to be when I come into court, to wit, that everything oral must be put in the contract or it would not be any good; he (Gill) told me in case anything happened to the wheat, that the notes could not be collected by law, for the reason that they could not get something for nothing; I have run a meat market for three or four years; I can read and write; in the transaction of my business I execute many checks, and have signed a good many notes in my business, in one way and another; that a written contract was better evidence of what the transaction really was; well, I suppose it would be where.  * * *  I also

supposed throughout my business that any executed note for which a man received nothing was uncollectible in law."

The testimony of the agent, Gill, on cross-examination as to the issue of mistake of law was, in substance, as follows:

"Q. Did not you, yourself, have the belief at that time that if he did not get the threshing done the debt could not be collected off him? A. I don't know. I wasn't a lawyer. Q. That was your idea of the law? A. I cannot say it was. Q. Can you say it was not? A. In fact it was the first collateral note contract I had ever had anything to do with. Q. Are you sure you did not say as an inducement to get him to sign it, 'Now, if you sign this contract and you don't get your threshing done, that the contract nor the note cannot be collected in law, because you would not get anything for it?' A. There was no note at that time. I don't remember making any such statement. Q. And you don't remember that you didn't? A. I would not swear that I didn't."

There is no showing in this testimony that Gill was mistaken as to the law; the mere expression of an opinion as to the law is not sufficient to show what Gill understood or apprehended the law to be. The parties dealt with each other on equal terms; there was no mistake in the eexcution of the note they intended to execute; no request was made to have the private oral promise of Gill put in the note, nor was there an attempt to do so; the parties did just what they intended to do, that is, that the plaintiff should sell to McClung a threshing machine, and McClung was to secure the indebtedness by farmers' notes, one of which was to be executed by McNinch for $150; the machine was delivered to and accepted by McClung, and the plaintiff, under the evidence in this case, could not be restored substantially to its rights as they existed previous to the sale. *Crosier v. Acer,* 7 Paige (N. Y.) 138; *Hope v. Bourland,* 21 Okla. 864, 98 Pac. 580.

The question as to whether Gill was to thresh McNinch's wheat in case McClung failed to do so is not material to the transaction, and was not the determining ground of the sale and the execution of the collateral note; nor the subject-matter on which to base the defense of a mutual mistake of law. It is one

of the essential elements of the defense of mutual mistake of law that the mistake must be of a material nature and be the determining ground of the transaction.

"Mistake in matter of law or matter of fact, to be a ground for equitable relief, must be of a *material nature, and must be the determining ground of the transaction.* (Italics ours.) A man who seeks relief against mistake must be able to satisfy the court that his conduct has been determined by the mistake. Mistake in matters which are only incidental to, and are not of the essence of a transaction, and without or in the absence of which it is reasonable to infer that the transaction would nevertheless have taken place, goes for nothing. If the mistake has not been the only cause by which the conduct of a man has been induced, but another motive has intervened, the mistake cannot be set up as a ground for relief." (Kerr on Fraud & Mistake [old edition] p. 408.)

"Mistake of law, to be a ground for relief in equity, must be of a material nature, and the determining ground of the transaction." (Kerr on Fraud & Mistake [4th Ed. 1910] p. 468.)

*Stone v. Godfrey,* 5 D. M. & G. 76; 1 Page on Contracts, secs. 58, 60, 71, 82, 84; *Hannah v. Steinman,* 159 Cal. 142, 112 Pac. 1094; *Sherwood v. Walker,* 66 Mich. 568, 33 N. W. 919, 11 Am. St. Rep. 531; *Segur v. Tingley,* 11 Conn. 134; *Dambmann v. Schulting,* 75 N. Y. 55; *Marshall v. Homier,* 13 Okla. 264, 74 Pac. 368; *Stettheimer v. Killip,* 75 N. Y. 282; 2 Pom. Eq. Jur. 839; *Page v. Higgins,* 150 Mass. 27, 22 N. E. 63, 5 L. R. A. 153; *Town of Essex v. Day,* 52 Conn. 483, 1 Atl. 620; *Farmers' & Merchants' Nat. Bank v. Hoyt,* 29 Okla. 772, 120 Pac. 264.

In order to say that the oral promise of Gill was of a material nature, it would be necessary to change the absolute substance of the agreement; the consideration expressed in the note, and sustained by the testimony of McNinch, is the sale of the machine to McClung and the note given as collateral only to that indebtedness. In order to make the oral promise to do the threshing material, the consideration of the note must not have been the sale of the machine to McClung, but the consideration must have been the oral promise of Gill to do the threshing, which latter theory is disputed by the contract of May 12, 1905, the

note sued on, and all the circumstances of the case. The oral contract of Gill not being of a material nature in the consummation of said sale, his mistake of law based on said oral contract would be immaterial.

This is a plain case, of ignorance of the law on the part of McNinch, and if ignorance of the law, pure and simple, on a collateral matter, as this case apparently is, were allowed to be the subject of a defense in actions of this character, there would be no certainty in one's legal rights and no end to litigation.

The defendant construes the evidence to mean that Gill, the agent of plaintiff, understood the law to be that the note could not be collected unless the threshing was done for defendant. It is neither alleged nor proven what the plaintiff understood the law to be; the only allegation or attempted proof is what the agent, Gill, understood and apprehended the law to be, and the question of the agent's understanding or apprehension of the law, under the evidence in this case, is immaterial and destructive of the very essence of the defense of mutual mistake of law. Gill, the agent, was not the real party to the written contract, and his understanding of the law, relative to his private oral contract, could not be imputed to his principal. There is no claim in this action that Gill promised that plaintiff would thresh the wheat; the contention is that he, Gill, would thresh the wheat if McClung failed to do so. This state of facts is admitted in the pleading and by the testimony of the defendant. Had the principal acted for himself in such transaction, his understanding and apprehension of the law would be material, but under the evidence in this case such knowledge or views of an agent relative to his own separate oral contract could not be imputed to the principal. It has been held by numerous authorities that an agent cannot bind his employer by an agreement in his own name, in the absence of special authority. *Tollerton & Warfield Co. v. Gilruth et al.*, 21 S. D. 320, 112 N. W. 843; *Funk et al. v. Church & Fitzgerald et al.*, 132 Iowa, 1, 109 N. W. 286.

Inasmuch as all the evidence on the question of mutual mistake of law is before this court, and nothing can be gained by a new trial, this cause should therefore be reversed and remanded,

with instructions to the trial court to render judgment against W. E. McNinch in favor of the Northwest Thresher Company in the sum of $150, with interest at 8 per cent. per annum from August 1, 1905, and costs.

By the Court: It is so ordered.