## CUMMINS v. STATE.

No. 4242.    Opinion Filed April 20, 1915.

(148 Pac. 137.)

1.    BASTARDS—Complaint—Sufficiency—Jurisdictional Facts. In an action sought to be brought under section 618, Comp. Laws 1909 (section 4401, Rev. Laws 1910), against the father of an illegimate child for bastardy, the fact of the residence of the mother of such child is jurisdictional; and a complaint which fails to state that the mother of such child is a resident of the county in

which the action is brought is not sufficient to constitute a cause of action.

2.   · BASTARDS—Courts—Jurisdiction—County   Court.   The county court has jurisdiction of bastardy, under article 3, c. 13, Comp. Laws 1909 (article 3, c. 55, Rev. Laws 1910); but the amount of the penalty prescribed by section 625, Comp. Laws 1909 (section 4408, Rev. Laws 1910), in said article 3, cannot exceed $1,000— the constitutional limit of the jurisdiction of the county court.

(Syllabus by Collier, C.)

*Error from County Court, Grant County;*

*J. W. Bird, Judge.*

Proceedings by the State, on the complaint of Nelia Thompson, against Lester Cummins. Judgment against defendant, and he brings error. Reversed and remanded.

*Sam P. Ridings* and *J. B. Drennan;* for plaintiff in error.

COLLIER, C. ·This is a proceeding instituted by Nelia Thompson under section 618, Comp. Laws 1909 (section 4401, Rev. Laws 1910), which said complaint, omitting the caption and signature, is in words and figures following:

"Nelia Thompson, being duly sworn, upon oath, says: That she is pregnant with a child, which, if born alive, will be a bastard, and that Lester Cummins is the father thereof."

Upon this complaint a warrant was duly issued. Said plaintiff in error, hereinafter referred to as defendant, was arrested and taken before the county court, and thereupon demanded a trial by jury. Thereafter defendant was duly arraigned, and the state opened its case, and introduced as a witness Nelia Thompson. Defendant objected to the introduction of any evidence in said cause, "for the reason that the court had no jurisdiction of this action, and for the further reason that the petition filed in this action does not state a cause of action against said defendant." The court overruled said objections; to which action of the court defendant duly excepted.

The trial proceeded, and resulted in a verdict of guilty as charged; and upon such finding of the jury the court proceeded with the hearing of said cause for the purpose of establishing the financial ability and earning capacity of said defendant, and the amount of expense necessary to be incurred for the care, support, and education of said child in controversy. The court ordered and adjudged that said defendant should pay to the prosecuting witness, Nelia Thompson, for the purposes aforesaid, the sum of $1,000, payable at various times; to which the defendant duly excepted.

No brief has been filed in this cause by defendant in error. In *Anderson v. State,* 42 Okla. 151, 140 Pac. 1142, this court held:

"In an action sought to be brought under article 3, c. 13, Comp. Laws 1909 (article 3, c. 55, Rev. Laws 1910), against the father of an illegitimate child for bastardy, the fact of the residence of the mother of such child is jurisdictional; and a complaint which fails to state that the mother of such child is a resident of the county in which the action is brought is not suffiicient to constitute a cause of action."

The complaint set out in this case fails to state of what county Nelia Thompson is a resident, and therefore the complaint did not state a cause of action, and the court erred in permitting evidence to be introduced in this cause.

Section 625, Comp. Laws 1909 (section 4408, Rev. Laws 1910), must be construed in connection with the constitutional limitation of the jurisdiction of county courts as to amount. The effect of such construction is to read into said section 625, Comp. Laws 1909 (section 4408, Rev. Laws 1910): "Provided that the penalty provided for in said section must not exceed $1,000."

Article 3, c. 13, Comp. Laws 1909 (article 3, c. 55, Rev. Laws 1910), provides that the complaint in bastardy shall be to the county court where the mother of the illegitimate child resides, and fully provides the entire procedure necessary for the disposition in said county court of a case of bastardy, even

including an appeal from the result of the trial in the county court. The contention of defendant that the county court is without jurisdiction in bastardy cases is entirely unsupported, and, we think, without merit. To sustain such contention would be to say that we have no law in this state upon this most important subject. Without in terms so deciding, such jurisdiction was upheld by this court in *Cooper v. State ex rel. Leeds,* 148 Pac. ——.

On account of want of proper averments as to the residence of the mother of the illegitimate child, this cause should be reversed and remanded, with leave to amend complaint.

By the Court: It is so ordered.