### LAWLESS v. TUTHILL et al.
### Same v. Same.

Nos. 11815, 13243, Consolidated. Opinion Filed Feb. 12, 1924.

1. **Payment — Affirmative Defense—Pleading.**

It is fundamental that payment is a matter of defense and must be pleaded. The defense of payment is not admissible under a general denial where proper objections are made to the introduction of testimony tending to establish such defense of payment.

2. **Pleading—General Denial — Amendment After Overruling Motion for New Trial— Abuse of Discretion.**

In an action to recover an indebtedness evidenced by a cashier's check, the answer was a general denial. Defendant, over objection, offered evidence to prove payment. After the overruling of a motion for a new trial, the trial court permitted the filing of an amendment setting up defense of payment. Held, abuse of discretion.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by P. H. Lawless against R. J. Tuthill and Ottawa County National Bank. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Ross & Thurman, for plaintiff in error.

Ray McNaughton, for defendants in error.

Opinion by LYONS, C. Plaintiff sued defendants to recover the sum of $1,000, with interest thereon from the 9th day of June, 1910, at the rate of four per cent. per annum, together with costs.

The basis of plaintiff's claim was a cashier's check made payable to the plaintiff and left as security with the defendants as an indemnity against any liability which might be enforced against the sureties on a certain undertaking in attachment. The defendant Tuthill was one of the sureties.

It is conceded in the case that the sureties on such undertaking were exonerated without having been called upon to make any payment whatsoever. The plaintiff contends that the cashier's check was never paid or returned to him, and that the indebtedness evidenced thereby is due and owing.

To the petition of the plaintiff the defendants interposed a general denial. The defendants' defense, however, as developed upon the trial, was payment, and the single issue between plaintiff and defendants was whether or not the cashier's check sued on had been paid. At the conclusion of the opening statement by defendants' counsel, plaintiff moved for judgment on the pleadings and excepted to the order of the court refusing to allow such motion. It appeared for the first time in said lawsuit from the statement of defendants' counsel that payment was relied on as a defense. The defendants at that time made no application to amend their answer, but proceeded to try the cause on the theory that payment could be proved under the general denial. This also was the theory of the trial court.

The record contains the following:

"Mr. Hainer. Well, I will just make it on the ground that it is incompetent, irrelevant, and immaterial and not within the issues of this case, and they do not plead any settlement. there is just a general denial of this certificate of deposit, payment is an affirmative defense, and there is no plea of payment, just a general denial. By the Court: I understand they may show anything under a general denial that goes to show that they do not owe you anything. Mr. Balinger: But they are attempting to prove payment. By the Court: They deny they owe you anything. Mr. Ballinger: They do not plead

it, though, we are entitled to know their defense from the pleadings. By the Court: Objection overruled. Mr. Hainer: Exception."

The plaintiff further demurred to defendants' evidence at the close thereof, which demurrer was overruled, to which the plaintiff excepted. The plaintiff further moved for a peremptory instruction on the ground that the defendants "upon their answer and proof had failed to establish a defense," and this motion was also overruled.

After a verdict in favor of the defendants, plaintiff filed a motion for a new trial and the court thereafter overruled said motion for a new trial on May 1, 1920, to which plaintiff excepted. Thereafter the court granted an application of the defendants for leave to file an amended answer setting forth a plea of payment, to which order of the court plaintiff excepted.

It is no longer open to question in this jurisdiction, and as a general rule, that payment is an affirmative defense which must be pleaded. In the case of Standard Fashion Company v. Joels, 60 Okla. 195, 159 Pac. 846, the rule is announced:

"It is fundamental that payment is a matter of defense, and must be pleaded or proven, and the burden of proof is on the debtor or person alleging payment."

It is plain, therefore, that the court erred in permitting the defense of payment to be made in this cause over the objection and exception of the plaintiff, under an answer which is merely a general denial. The action of the court in permitting the amended answer to be filed after the case had been tried and after a motion for a new trial had been overruled merely emphasizes the error.

This court, in Northwest Thresher Company v. McNinch, 42 Okla. 155, 140 Pac. 1170, laid down the rule as follows:

"The trial court abused its discretion in allowing the defendant to amend his answer to allege mutual mistake of law, after the evidence had been closed on both sides, witnesses excused, the jury instructed and counsel for defendant, having made his opening argument to the jury; such amendment being over the objection of the plaintiff, and without giving the plaintiff an opportunity to defend as against the defense of mutual mistake of law. Under section 5679, Comp. Laws 1909, the court is vested with considerable discretion in allowing amendments where such amendments do not change substantially the claim or defense. Gross Construction Co. v. Hale, 37 Okla. 131, 129 Pac. 28. The plaintiff objected to the amendment

on the ground that the same was a surprise and that it was not prepared to meet the issue raised by the amendment, the witnesses having been excused and not in attendance on the court, it was therefore an abuse of discretion to allow the amendment al eging mutual mistake of law, without granting to the plaintiff an opportunity to meet such issue.

"The order allowing defendant to amend by alleging mutual mistake of law, was improper for another reason: at the time the evidence relied on as establishing the defense of mutual mistake of law, was offered, plaintiff objected to such evidence upon the ground that the same was immaterial and incompetent to any issue in the case: the court, therefore, erred in permitting the amendment to conform to the facts proven when such facts were admitted over the objection of the plaintiff and were not within the issue."

" 'A motion, after the close of evidence, to conform the pleadings to the proof. can never be granted where the admission of the evidence was properly objected to when it was offered, upon the ground that it did not tend to support the allegations of the pleadings.'

"1 Ency. Pl. & Pr. 585; Walker v. O'Connell, 59 Kan. 306, 52 Pac. 894: Worthington v. LaViolette, 60 Wash. 525, 111 Pac. 784; Menderhall v. Harrisburgh Water Co., 27 Ore, 38, 39 Pac. 399; Heywood Bros. & Wakefield Co. v. Doernbecher Mfg. Co., 48 Ore. 359, 86 Pac. 357, 87 Pac. 530: St. Louis L. M. & S. R. Co. v. Holmes, 88 Ark. 181, 114 S. W. 221: Buxton v. Sargent, 7 N. D. 503, 75 N. W. 811."

It is clear, therefore, that the trial court committed reversible error and that the cause must be reversed for a new trial.

In view of the foregoing, cause No. 13243, which is an attempt to review the judgment by a petition for a new trial in the lower court, may be disregarded.

The judgment of the lower court is reversed with directions to grant a new trial

By the Court: It is so ordered.