## PINKSTAFF v. STATE.

No. 15823—Opinion Filed Sept. 29, 1925.

1. **Bastards — Bastardy Proceeding — Jurisdiction Controlled by Mother's Residence.**

In an action sought to be brought under section 8059, Comp. St. 1921, against the father of an illegitimate child for bastardy, the fact of the residence of the mother of such child is jurisdictional, and a complaint which fails to state that the mother of such child is a resident of the county in which the action is brought is not sufficient to constitute a cause of action.

2. **Pleading — Permitting Amendment to Conform to Facts—When Erroneous.**

It is error for the trial court to permit an amendment to conform to the facts proven when such facts are admitted over the objections of the plaintiff and are not within the issue.

3. **Same.**

A motion, after the close of evidence, to conform the pleadings to the proof can never be granted where the admission of the evidence was properly objected to when it was offered, upon the ground that it did not tend to support the allegations of the pleadings.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Noble County; H. A. Johnson, Judge.

Bastardy proceeding against Dock Pinkstaff. From adverse judgment defendant brings error. Reversed and remanded.

Cress & Tebbe, for plaintiff in error.

Joe W. Howard, Co. Atty., George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for defendant in error.

Opinion by THOMPSON, C. This action is a bastardy proceeding instituted in the county court of Noble county by the county attorney of said county in the name of the state of Oklahoma, defendant in error, as plaintiff below, against Dock Pinkstaff, plaintiff in error, defendant below. The parties will be referred to in this opinion as plaintiff and defendant, as they appeared in the lower court.

The information was filed on the 21st day of June, 1923, and is as follows:

"Comes now Joe W. Howard, county attorney in and for the state and county aforesaid, and in the name and by the authority of the state of Oklahoma, gives the court to know and be informed that one Dock Pinkstaff, late of the county of Noble and state of Oklahoma, on or about the 17th day of April, 1923, at and within the said county and state, did then and there become the father of an illegitimate baby boy, born on said date to Lavona Bruce, a single woman in said county and state, and of which said child said Dock Pinkstaff was the father, and that the said child was not born of lawful wedlock, and that the said

Dock Pinkstaff and the said Lavona Bruce were not then and there husband and wife, and never had been such at any time.

"And so your complainant does say that on April 17, 1923, and from day to day and including this 19th day of June, 1923, said Dock Pinkstaff is and has been the father of said child, born in Noble county, Okla., as aforesaid."

To this information the defendant filed his demurrer, which is as follows:

"(1) That said information does not state facts sufficient to constitute a public offense against this defendant.

"(2) That said information does not comply with the Code of Criminal Procedure of the state of Oklahoma, which requires that the charge be made in simple and concise language, such that an ordinary person may know and understand the meaning and intent thereof.

"(3) That said information does not state facts sufficient to constitute the offense therein sought to be charged, to wit, the offense of bastardy.

"(4) That said information is duplicitous in that it states more than one offense in the same count."

The trial court overruled the demurrer of the defendant, which was excepted to by the defendant. Thereupon, the defendant entered his plea of not guilty. The cause came on for trial before the trial court and jury, and before any evidence was introduced, the defendant objected to the introduction of any evidence in the cause on the ground and for the reason that the information did not state facts sufficient to confer jurisdiction upon the court to render judgment against the defendant, which objection was overruled and defendant excepted. At the close of the testimony on part of the plaintiff, the defendant demurred to the sufficiency of the evidence in that it did not state facts sufficient to confer jurisdiction upon the court, and upon the further ground that the said information and evidence introduced did not prove facts sufficient to establish a case against the defendant. The plaintiff then moved to amend the information by interlineation by inserting the following words:

"That the said Lavona Bruce was on the date of the birth of said child and has been since a resident of Noble county, state of Oklahoma"

—which offer of amendment was objected to by the defendant as follows:

"The defendant objects to the allowance of said amendment on the ground and for the reason that the case has been tried to the jury and the state has rested its cause and submitted it to the jury; and the court is without authority in law to permit an amendment or confer jurisdiction at this time; and that said defect and said information was challenged by demurrers and by objections to the statement of counsel to the jury, and the information by objection to the introduction of evidence, at all of which times the said objections were overruled; and that to permit said amendment at this time is prejudicial to the rights of the defendant as a matter of surprise against which ordinary prudence could not have guarded. Objection is by the court overruled, and the plaintiff is granted permission to amend the information at this time as requested by interlineation. To all of which the defendant objects and excepts. which exception is allowed by the court."

The record further shows that the offer made by plaintiff to introduce evidence that the residence of Lavona Bruce at the time of the birth of her child was in Noble county, state of Oklahoma, was objected to by the attorneys for the defendant, objections overruled, and exceptions reserved by the attorneys. At the close of all the testimony in the case, the court instructed the jury, and after argument heard, the jury returned into court its verdict finding the defendant guilty as charged. Motion for new trial was filed, heard, and overruled, and exceptions saved by the defendant, and the court rendered judgment upon the verdict of the jury that the defendant was guilty, as charged. and that he be adjudged to pay the sum of $1,000 for the maintenance of the child in the amount of $25 per month at the first of each month, until the whole amount was paid, and to give sufficient bond in the sum of $1,000, conditioned for the payment of the amount of said judgment, and that he pay the cost of the suit, to which judgment of the court the defendant excepted, and the cause comes regularly upon appeal to this court from said judgment.

Attorneys for plaintiff filed motion to dismiss the appeal, which motion has been disposed of by this court on petition for rehearing adversely to the plaintiff, and the cause comes now to be decided upon the petition in error. The first ground relied upon by the attorneys for defendant is that:

"In an action sought to be brought under article 3, c. 13, Comp. Laws 1909 (article 3, c. 70, Comp. Stats. 1921), against the father of an illegitimate child for bastardy. the fact of the residence of the mother of such child is jurisdictional, and a complaint which fails to state that the mother of such child is a resident of the county in which the action is brought is not sufficient to constitute a cause of action."

It is urged by attorneys for defendant in their brief, that this defect could not be cured by amendment after a demurrer had been filed by defendant to the sufficiency of the information, and an objection made to the introduction of any testimony upon the information, and objection to the introduction of any testimony upon the question of the residence of Lavona Bruce, and after a demurrer to the sufficiency of the evidence had been interposed by defendant at the close of plaintiff's testimony, which demurrer and all of said objections had been overruled by the court and exceptions saved thereto, and that the offer of the amendment came too late, and that the demurrers and objections of the defendant should have been sustained by the court at the time they were entered, and that the court could not cure its previous errors by allowing the amendment.

This action was brought under section 8059, Comp. St. 1921, which is as follows:

"Whenever any woman residing in any county of this state is delivered of a bastard child, or is pregnant with a child which if born alive will be a bastard, complaint may be made in writing, duly verified, by any person to the county court of the county where such woman resides, stating that fact and charging the proper person with being the father thereof. The proceeding shall be entitled in the name of the state against the accused as defendant."

It will be observed that the right to bring this action depended upon whether the woman resided in a county of this state, and this court, in construing said statute and passing upon the identical question raised here as to the sufficiency of the information, in the case of Anderson v. State, 42 Okla. 151; 140 Pac. 1142, said:

"In an action sought to be brought under article 3, c. 13, Comp. Laws 1909 (article 3, c. 55, Rev. Lwas 1910), against the father of an illegitimate child for bastardy, the fact of the residence of the mother of such child is jurisdictional, and a complaint which fails to state that the mother of such child is a resident of the county in which the action is brought is not sufficient to constitute a cause of action."

And it was there held by the court, in the body of the opinion that the complaint was insufficient upon the demurrer to constitute an action over which the court had jurisdiction, for the reason that it failed to state that the woman was a resident of the county in which the action was brought, and that it was error for the court to overrule the demurrer to the information. See, also, the case of Cummins v. State, 46 Okla. 51, 148

Pac. 137, which reaffirms the principle decided in the case quoted from above.

In the case of Wilson v. State, 73 Okla. 227, 175 Pac. 829, it was held that there was no question that the complaint in that case was defective, in that it failed to allege the residence of the mother, but that the defendant waived his right to objection to the sufficiency of the complaint for the reason he did not challenge the sufficiency of the complaint by demurrer or object to the introduction of evidence thereunder as to the residence of the mother, which, in effect, decided that if a timely demurrer or objection to the evidence had been made, as was done in this case, it would have been error for the court to overrule the demurrer and overrule said objections.

We are, therefore, of the opinion that the court committed reversible error in not sustaining the demurrer of the defendant to the sufficiency of the information and in overruling the objections to the offer of evidence as to the residence of the mother, and his demurrer to the sufficiency of the evidence at the close of the evidence on part of the plaintiff.

It is urged, however, by attorneys for plaintiff in their brief, that the fatal defects in the information were cured by amendment, but to this contention we cannot agree.

This court, in the case of Lawless v. Tuthill, 97 Okla. 210, 223 Pac. 613, opinion by Commissioner Lyons of Division No. 2, quoting from the case of Northwest Thresher Co. v. McNinch, 42 Okla. 155, 140 Pac. 1170, said, in the body of the opinion:

"The court, therefore, erred in permitting the amendment to conform to the facts proven when such facts were admitted over the objection of the plaintiff and were not within the issue.

"A motion, after the close of evidence, to conform the pleadings to the proof, can never be granted where the admission of the evidence was properly objected to when it was offered, upon the ground that it did not tend to support the allegations of the pleadings. 1 Ency. Pl. & Pr. 585; Walker v. O'Connell, 59 Kan. 306. 52 Pac. 894; Worthington v. LaViolette, 60 Wash. 525, 111 Pac. 784; Mendenhall v. Harrisburgh Water Co., 27 Ore. 38, 39 Pac. 399; Heywood Bros. & Wakefield Co. v. Doernbecher Mfg. Co., 48 Ore. 359, 86 Pac. 357, 87 Pac. 530; St. Louis, I. M. & S. R. Co. v. Holmes, 88 Ark. 181, 114 S. W. 221; Buxton v. Sargent, 7 N. D. 503, 75 N. W. 811."

In the case of Mendenhall v. Harrisburgh Water Co., 27 Ore. 38, 39 Pac. 399, quoted

and relied upon in the last mentioned opinion by this court, it was said:

"One is not entitled to have his pleadings amended to conform to the proof, where the objection was made to the introduction of the evidence for which an amendment was desired."

There are numerous other assignments of error, some of which we are of the opinion are sufficient for a reversal of this case, but the opinion reversing the action of the lower court upon the overruling of the demurrer to the information and the objections to the introduction of evidence for the reasons given and upon the authorities cited in this opinion disposes of this appeal on its merits on jurisdictional grounds and it is unnecessary to pass upon the other errors assigned.

We are, therefore, of the opinion that this cause should be and is hereby reversed and remanded to the lower court, with directions to sustain the demurrer of defendant to the information, and take such further action not inconsistent with this opinion.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. pp. 976, § 77, 979, § 83; 3 R. C. L. p. 756.   (2) 31 Cyc. 452.   (3) 31 Cyc. p. 452.