## TIGER v. STATE.

No. 21485. Opinion Filed Feb. 28, 1933.

Seawell & Dooley, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for defendant in error.

RILEY, C. J. This is an appeal from a judgment entered against plaintiff in error in a bastardy proceeding, based upon a complaint which failed to allege that the mother of the alleged bastard child was a resident of Okfuskee county, wherein the proceedings were commenced. The defendant raised the question of the insufficiency of the complaint, in this regard by demurrer to the complaint, objection to the introduction of any evidence, by objection to evidence as to the residence of the mother of the child, by demurrer to the evidence, and by motion for judgment for defendant, notwithstanding the verdict.

Notwithstanding the many decisions of this court holding such a complaint insufficient, the trial court overruled each and every and all the objections raised by defendant upon a verdict based upon such complaint, and entered judgment against said defendant. That such a complaint is insufficient has been held by this court too many times to require any discussion of the question.

The question was presented in Cummins v. State, 46 Okla. 51, 148 P. 137, wherein it was held:

"And a complaint which fails to state that the mother of such child is a resident of the county in which the action is brought is not sufficient to constitute a cause of action."

Pinkerstaff v. State, 112 Okla. 91, 240 P. 107, holds the same.

In Cummins v. State, supra, the order of this court was:

"On account of want of proper averments as to the residence of the mother of the illegitimate child, this cause should be reversed and remanded, with leave to amend the complaint."

The fact that in addition to raising the question by demurrer and objection to the introduction of evidence, defendant moved for a judgment notwithstanding the verdict, will not deprive the county attorney of the right to amend the complaint if he so desires, and as he should have done when the question was first raised.

The judgment is reversed and the cause remanded, with directions to sustain the demurrer, with leave to amend.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. BAYLESS, J., absent.