## WILSON v. STATE.

No. 9250—Opinion Filed Oct. 22, 1918.

(175 Pac. 829.)

**1. Bastards—Jurisdiction—Question on Appeal.**

Where the necessary jurisdictional facts appear in the record, and the complaint could have been cured by amendment, failure to allege such necessary jurisdictional facts cannot be presented for the first time on appeal.

**2. Same—Nature of Proceeding—Pleadings—Time to Object.**

A bastardy proceeding in this stae being a special proceeding which the rules of pleading and practice applicable to civil actions govern, where the complaint fails to allege necessary jurisdictional facts, and no demurrer is filed to the complaint, and no objection is made to the introduction of evidence, and without objection on the part of the defendant evidence is offered at the trial showing the necessary jurisdictional facts, the failure to allege such facts in the complaint cannot be taken advantage of upon appeal.

**3. Same—Jurisdictional Facts — Issue—Instruction.**

Where the essential fact necessary to give the court jurisdiction is shown in evidence, and is not contested by the defendant, no issue as to such fact arises, and the giving of an instruction which fails to require the jury to find the necessary jurisdictional fact does not constitute reversible error, no instruction having been requested upon that issue.

**4. Bastards—Jurisdiction—Statute.**

The Legislature, by the adoption of the Revised Laws of 1910, vested in the county court exclusive jurisdiction of bastardy cases under authority of section 10, art. 7, of the Constitution.

**5. Same—Amount of Judgment—Limitation.**

Article 3, c. 55, Rev. Laws 1910, does not limit the amount of the judgment which may be rendered by the county court in a bastardy proceeding, and the limitation upon the concurrent jurisdiction of the county court in civil actions provided in section 12, art. 7, of the Constitution, has no application to a bastardy proceeding.

**6. Bastards—New Trial—Newly Discovered Evidence—Diligence.**

Where the record discloses that the party moving for a new trial because of newly discovered evidence had knowledge of such evidence at the time of the trial, the action of the trial court in denying the motion for new trial will not be disturbed upon appeal.

**7. Same—New Trial—Denial of Motion.**

Where the evidence upon which a motion for new trial because of newly discovered evidence is predicated is merely impeaching and cumulative, the action of the trial court in denying such motion for new trial will not be disturbed upon appeal.

(Syllabus by Rummons, C.)

Error from County Court, Pontotoc County; Orville Busby, Judge.

Bastardy proceeding by the State of Oklahoma, on complaint of Lilly Lamb, against Ode Wilson. From a judgment of conviction ordering defendant to pay certain money into the court for the maintenance and education of the child, he brings error. Affirmed.

C. O. Barton, Robt. Wimbish, and W. C. Duncan, for plaintiff in error.

S. P. Freeling and Hunter L. Johnson, for the State.

Opinion by RUMMONS, C. This proceeding was instituted in the county court of Pontotoc county by the county attorney upon complaint of Lilly Lamb, charging the plaintiff in error, hereinafter styled the defendant, with being the father of her bastard child. There was a trial to a jury, resulting in a verdict finding the defendant guilty, upon which verdict judgment was rendered by the court ordering the defendant to pay into court the sum of $10 a month for the care, maintenance, and education of the child until the further orders of the court.

The first assignment of error is based upon the failure of the complaint to state the necessary jurisdictional facts. The complaint omits to allege that the complainant, the mother of the child, was a resident of Pontotoc county. The defendant in support of this assignment of error relies upon

Anderson v. State, 42 Okla. 151, 140 Pac. 1142, and Cummins v. State, 46 Okla. 51, 148 Pac. 137. There is no question that the complaint in the instant case is defective in that it fails to allege the residence of the mother; but, unfortunately for the defendant, no demurrer was filed to the complaint nor was any objection made to the introduction of evidence thereunder. Evidence was offered at the trial without objection by the defendant, both by the state and the defendant, showing that the complainant, the mother of the child, at all times mentioned in the complaint was a resident of Pontotoc county.

A bastardy proceeding in this state is not a criminal case, but a special proceeding in the nature of a civil case. Cooper v. State, 36 Okla. 189, 128 Pac. 115; Anderson v. State, supra; Libby v. State, 42 Okla. 603, 142 Pac. 406. Under those authorities, the rules of pleading and practice applicable to a civil action govern the proceedings in a bastardy case. That being true, even though the complaint be informal and defective, if, without objection, evidence is offered at the trial which cures the defect, the pleadings will be presumed to be amended, if necessary, to conform to the evidence. Bohart v. Mathews, 29 Okla. 315, 116 Pac. 944; Kaufman v. Boismier, 25 Okla. 252, 105 Pac. 326; Hamilton v. Blakeney, 65 Okla. 154, 165 Pac. 141. Since the jurisdictional facts appear in the record, and the complaint could have been cured by amendment, the defendant cannot present the failure to allege necessary jurisdictional facts for the first time on appeal. 3 C. J. 754; 7 C. J. 979.

The defendant next complains of the giving of two instructions. It is unnecessary to set out these instructions in extenso in this opinion, but complaint is made that the court failed to instruct the jury that, before finding the defendant guilty, they must find that the mother was a resident of Pontotoc county. As we have said, the evidence offered both by the state and the defendant showed that the mother was a resident of Pontotoc county. The question of the place of residence of the mother, therefore, was not an issue before the jury. Under the rules of practice applicable to a civil action, the court is not required to submit to the determination of the jury questions of fact which are conceded or upon which no issue is presented by the evidence. The defendant did not request the court to instruct upon this issue nor was the court's attention to the question of jurisdiction challenged in any way at the trial. We conclude that the giving of the instructions complained of did not constitute error.

The most serious question presented by the defendant is raised in his next assignment of error, which is that the judgment rendered by the court is in excess of its jurisdiction. The judgment required the defendant to pay $10 a month for the support of the child until the further order of the court. In the absence of such further order, the defendant will be required, in obedience to the judgment, to pay $10 a month until the child reaches its majority, which under the mortality tables it could be expected to do. Compliance with this judgment would require the defendant to pay during the minority of the child a sum considerably in excess of $1,000. It is therefore contended by defendant that the judgment rendered is in excess of the jurisdiction of the county court. The defendant relies upon the case of Cooper v. State, supra, and Cummins v. State, supra. Both of these cases arose before the adoption by the Legislature of the Revised Laws of 1910. Mr. Commissioner Ames who wrote the opinion in Cooper v. State, supra, treats the jurisdiction of the county court in cases of this character as being limited to the sum of $1,000. He says:

"As no prayer for damages is contemplated, but as it is a special proceeding wholly dependent on the statute, and as the jurisdiction rests in the county court or does not exist at all, we think the prayer for damages in excess of the amount of the jurisdiction of the county court should be treated as surplusage."

In Cummins v. State, Mr. Commissioner Collier, who wrote the opinion of the court, says:

"Section 625. Comp. Laws 1909 (section 4408, Rev. Laws 1910), must be construed in connection with the constitutional limitation of the jurisdiction of county courts as to amount. The effect of such construction is to read into said section 625, Comp. Laws 1909 (section 4408, Rev. Laws 1910): 'Provided that the penalty provided for in said section must not exceed $1,000.'"

Our law governing proceedings in bastardy was first adopted by the territorial Legislature of Oklahoma, and until the adoption by the Legislature of the Harris-Day Code (Revised Laws of 1910) to be continued in force must have been found not repugnant to the Constitution of the state. Section 12, art. 7, Const., fixing the jurisdiction of the county court, says:

"The county court, coextensive with the county, shall have original jurisdiction in all probate matters, and, until otherwise provided by law, shall have concurrent jurisdiction with the district court in civil cases in any amount not exceeding one thousand dollars exclusive of interest."

The territorial Legislature gave exclusive jurisdiction of proceedings in bastardy to the probate court, which was succeeded by our county court, and it may be doubted whether, prior to the adoption of the Revised Laws of 1910, there was, after statehood, any court which had jurisdiction of this character of proceeding. This doubt was suggested by Mr. Commissioner Ames in his opinion in Cooper v. State, supra.

We doubt whether a bastardy proceeding can be correctly denominated as civil action. We think it is correctly defined in Anderson v. State, supra, as a special proceeding to be tried as a civil action, and governed by the pleadings and practice prescribed by the Code of Civil Procedure. The Constitution provided that the county court should have concurrent jurisdiction with the district court in civil cases, and, since the district court had no jurisdiction of this character of proceeding, we have grave doubt whether the jurisdiction rested in any court after statehood until the adoption of the Revised Laws of 1910. That question, however, was not presented squarely to the court in any of the cases referred to, and the court treated this proceeding as a civil action in which the jurisdiction of the county court was limited to $1,000 by the Constitution.

The territorial statute providing for bastardy proceedings was incorporated in the Revised Laws of 1910, as article 3, c. 55. Section 10, art. 7, of the Constitution provides:

"The district courts shall have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court."

This section of the Constitution therefore authorizes the Legislature to vest exclusive jurisdiction of any class of cases in some other court. The Legislature, by the adoption of the Revised Laws of 1910, vested exclusive jurisdiction of bastardy proceedings in the county court. Whether or not the territorial statute continued in force after the coming of statehood, the adoption of it as a part of the Revised Laws of 1910 by the Legislature made it a law, and the Legislature, as authorized by the Constitution, thus "by law" vested the exclusive jurisdiction of this character of cases in the county court. It follows then that the cases of Cooper v. State, supra, and Cummins v. State, supra, having been determined upon a state of law which does not now exist, are not now authoritative.

Article. 3, c. 55. Rev. Laws 1910, nowhere limits the amount of the judgment which may be rendered by the court in a bastardy proceeding. The intention clearly is not to limit the judgment which the court may render, for section 4409, Rev. Laws 1910, provides that the court may at any time enlarge, diminish, or vacate any order or judgment in proceedings under this article on such notice to the defendant and county attorney as the court may prescribe. Nor should the jurisdiction of the court be limited within hard and fast bounds in this character of cases. The purpose of this proceeding is not primarily to punish the father, but to protect the state and county from being burdened with the support of an illegitimate child, and to assure to the unfortunate offspring of such illegitimate union such support, maintenance, and education as the circumstances of the parties will justify. "In determining this amount the court may consider the wealth and condition in life of the parties." 7 C. J. 1001, note 67. We therefore conclude that, under the law as it now stands, judgment of the county court did not exceed its jurisdiction.

Defendant's final assignment of error complains of the overruling of his motion for new trial upon the ground of newly discovered evidence. It seems that some months after the trial the defendant filed what he denominated a petition for new trial upon the ground of newly discovered evidence. The county attorney demurred to this petition. The court sustained the demurrer and overruled the petition for new trial, and in this the defendant contends he committed error. It is urged by counsel for defendant that the demurrer to the petition was unwarranted by our procedure and should not have been sustained by the court. We regard this, however, as immaterial, since the only question properly before us is whether or not the trial court erred in overruling the motion for new trial upon the ground of newly discovered evidence.

Evidence which it is claimed was newly discovered is that of two witnesses who were expected to swear, if a new trial were granted, that the complaining witness was at the home of one of the witnesses for a period of 10 days at the time the complaining witness testified that the intercourse between her and defendant took place, and that the complaining witness could not have been at the place where she testified such intercourse occurred at that time. Defendant also offered, as newly discovered evidence, three witnesses who were expected to testify that the defendant had moved his residence from the place where the intercourse was said to have occurred several days prior to the time alleged.

The rule regarding the granting of a new trial on the ground of newly discovered evidence requires that the evidence comply with the following conditions: (1) It must be such as will probably change the result; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach the former evidence. Jeff D. Ellis v. Mid-Continent Oil & Gas Company et al., 65 Okla. 124, 165 Pac. 177. As to the evidence offered of the two witnesses as to the absence of the complaining witness. the record shows that it was not newly discovered. At the trial the defendant offered to prove that the complaining witness hired out for washing, sewing, ironing, and other household work at various times and places up to and just prior to the date of the alleged offense. The complaining witness was asked upon cross-examination if she did not work for her uncle (whose wife was one of the witnesses whose testimony was expected to be procured) along about that time in January. It thus appears that the defendant had knowledge of the evidence which he claims to be newly discovered at the time of the trial. In First National Bank of Taloga v. Farmers' State Guaranty Bank, 62 Okla. 30, 161 Pac. 1063, the court says:

"As we view it, the existence of the evidence itself, as distinguished from the whereabouts of the witness, must have been discovered since the trial in order to authorize a new trial." Ellis v. Mid-Continent Oil & Gas Company, supra.

It is clear then that upon this branch of the motion for new trial the alleged newly discovered evidence was in the knowledge of the defendant or his counsel at the time of the trial, and the motion, therefore, must fail in one of the most essential requisites to the granting of a new trial upon the ground of newly discovered evidence.

At the trial the defendant and his wife testified to the date of their moving their residence, fixing the time several days before the alleged intercourse. The newly discovered evidence of the three witnesses as to the date of the removal is therefore merely cumulative, and we are unwilling to disturb the judgment of the trial court for the purpose of permitting evidence which is merely impeaching and cumulative to be offered at a new trial.

Finding no error in the record, the judg-ment of the trial court should be affirmed.

By the Court: It is so ordered.