## BOND v. STATE.

No. 18035.  Opinion Filed April 17, 1928.

Rehearing Denied June 5, 1928.

(Syllabus.)

1. **Bastards—Bastardy Proceeding—Statutory Procedure—Judgment Supported by Evidence not Disturbed.**

Article 3 of chapter 70, C. O. S. 1921, providing for the institution and prosecution of bastardy proceedings, provides exclusive procedure in such matters, and where such proceedings are instituted and prosecuted in substantial compliance therewith, the judgment rendered by the county court will not be disturbed on appeal to this court, if there is any evidence reasonably tending to support the same.

2. **New Trial—Motion on Ground of Newly Discovered Evidence Denied Where Evidence Known to Movant at Time of Trial.**

Where the record discloses that the party moving for a new trial because of newly discovered evidence had knowledge of such evidence at the time of the trial, the action of the trial court in denying the motion for new trial will not be disturbed upon appeal.

3. **Same—Motion Denied Where Evidence Merely Impeaching and Cumulative.**

Where the evidence upon which a motion for new trial because of newly discovered evidence is predicated is merely impeaching and cumulative, the action of the trial court in denying such motion for new trial will not be disturbed upon appeal.

4. **Same—Requisites of Newly Discovered Evidence.**

Newly discovered evidence, warranting the grant of a new trial, must be such as will probably change the result, must have been discovered since the trial, and such as could not have been discovered before the trial by due diligence, must be material, and not merely cumulative or impeaching.

Error from County Court, Okmulgee County; W. A. Barnett, Judge.

Bastardy proceeding by the State of Oklahoma against Ross Bond. Judgment for plaintiff, and defendant appeals. Affirmed.

Lafayette Walker, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Houston B. Teehee, Asst. Atty. Gen., for defendant in error.

PHELPS, J. This cause comes here on appeal from the county court of Okmulgee county, the same being a bastardy proceeding filed and prosecuted under article 3, ch. 70, C. O. S. 1921. When the case was called for trial the defendant waived a jury, the evidence was submitted to the court, the defendant found guilty, and judgment in the sum of $1,000 was rendered against him, to reverse which he prosecutes this appeal.

The first ground for reversal urged is that:

"Under the pleadings the court had no jurisdiction as a court of record to place the defendant upon trial upon a verified complaint only, the same not being signed by the county attorney or by some duly authorized deputy or assistant."

The cause was instituted by G. W. Griffith, father of the prosecutrix, filing in the county court the following affidavit:

"In the County Court of Okmulgee County, State of Oklahoma.

"State of Oklahoma, Plaintiff, v. Ross Bond, Defendant, No. 2856.

"Complaint Charging Bastardy.

"To the Honorable W. A. Barnett, Judge of the County Court, within and for Okmulgee County, Oklahoma.

"Comes now G. W. Griffith and states that he is the father of Florence Griffith; that she is an unmarried female person of the age of seventeen years, and is now and has been an actual resident of Okmulgee county, Oklahoma, with her postoffice address at Mounds, Oklahoma.

"That on the 19th day of January, 1926, there was born to her in Okmulgee county, Oklahoma, a female bastard child; that the defendant, Ross Bond, is the father of such child.

"Therefore, G. W. Griffith, father of said Florence Griffith, prays that a warrant may issue for the said Ross Bond that he may be dealt with according to law, requiring that he be brought forthwith before this court for trial.

"G. W. Griffith.

"Subscribed and sworn to before me this 3rd day of February, 1926.

"W. A. Barnett, County Judge."

Plaintiff in error contends that this affidavit was not sufficient to give the court jurisdiction; that it was necessary for the county attorney to O. K., sign, indorse or verify the complaint. In support of this contention counsel cites Cooper v. State, 36 Okla. 189, 128 Pac. 115. An examination of this authority, however, shows that it does not support counsel's contention. Apparently, in that case the proceeding was instituted by the county attorney, but it is nowhere intimated that it is necessary for the county attorney to institute the proceeding. However, section 8063, C. O. S. 1921, provides that:

"It is hereby made the duty of the county attorney of the proper county to appear and prosecute all actions brought under this article."

Counsel further cites State v. Jehlik, 71 Pac. 572, in which the Supreme Court of Kansas held that a bastardy proceeding is strictly statutory. This authority unquestionably announces the correct rule, and such proceedings are as thoroughly special or statutory in Oklahoma as the Kansas Supreme Court declares such proceedings to be in that state. Wilson v. State, 73 Okla. 227, 175 Pac. 829.

Section 8059, C. O. S. 1921, under which this proceeding was instituted, reads as follows:

"Whenever any woman residing in any county of this state is delivered of a bastard child, or is pregnant with a child which if born alive will be a bastard, complaint may be made in writing, duly verified, by any person to the county court of the county where such woman resides, stating that fact and charging the proper person with being the father thereof. The proceeding shall be entitled in the name of the state against the accused as defendant."

Counsel also cites Evans v. Willis, 22 Okla. 310, 97 Pac. 1047, in the first paragraph of the syllabus of which this court said:

"No original prosecution can be instituted in a court of record in this state except by presentment of indictment by a grand jury, or by an information exhibited by the county attorney or some other officer thereto authorized by law."

This authority does not support the rule contended for by plaintiff in error. In the body of the opinion it is stated that:

"* * * Section 5306, Wilson's Rev. & Ann. St. 1903, provides that 'the county attorney shall subscribe his name to informations filed in the probate or district court and indorse thereon the names of witnesses known to him at the time of filing the same'."

It will thus be seen that in that case the court merely announced the doctrine that under the Criminal Procedure Act the statute must be strictly followed. Even if we had no such statutory provision, section 2345, C. O. S. 1921, steps in and says that:

"The procedure, practice and pleadings in the courts of record of this state, in criminal actions or in matters of criminal nature, not specifically provided for in this Code, shall be in accordance with the procedure, practice and pleadings of the common law."

Whereas, article 3 of chapter 70, supra, entitled "Illegitimate Children," specifically provides:

"* * * Complaint may be made in writing duly verified by any person. * * *"

In State v. Jehlik, supra, the Kansas court said:

"The proceeding is purely statutory. * * * The common law adds nothing to the right of action. * * *"

In Libby v. State, 42 Okla. 603, 142 Pac. 406, in the second paragraph of the syllabus, this court said:

"In an action under said section, a complaint which shows under oath that the affiant is the mother of a bastard child, that she is a resident of the county in which the complaint is made, and that the defendant is the father of such child, states facts sufficient to constitute a cause of action under such section."

The record shows that the county attorney appeared on behalf of the state and conducted the prosecution, although he had not signed the complaint. We, therefore, reach the conclusion that plaintiff's first assignment of error is not well taken.

The next assignment of error urged by plaintiff in error is that the court erred in overruling his motion for a new trial upon the grounds of newly discovered evidence. The prosecutrix testified that the sexual in-

tercourse resulting in her pregnancy occurred on the afternoon of April 18, 1925, and that the child was born on January 19, 1926.

Plaintiff in error testified (C.-M. page 45) that on April 18, 1925, on the date the prosecutrix testified that plaintiff in error had sexual relations with her, he was engaged in firing boilers on a lease near the town of Mounds, his working hours being from midnight until noon, and in his motion for new trial upon the grounds of newly discovered evidence he states that when leaving his work at noon he went home, had his lunch, and went to bed for the balance of the afternoon. He attaches to his motion an affidavit of three other witnesses swearing to substantially the same state of facts, and, in overruling the motion for new trial, the trial judge said:

"The court is of the opinion that the evidence set forth in these affidavits could have been introduced at the hearing; that there is no newly discovered evidence; that this evidence was all in the possession of the defendant at the time of the hearing. * * *"

In Wilson v. State, supra, this court held that before a new trial should be granted upon the ground of newly discovered evidence, the newly discovered evidence must be such as (1) would probably change the result; (2) it must have been discovered since the trial; (3) it must have been such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issues; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach the former evidence.

Measured by these rules, at most, the purported newly discovered evidence can be considered as merely cumulative, and the trial court properly overruled the motion for new trial, and the judgment of the county court is affirmed.

BRANSON, C. J., and MASON, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 7 C. J. p. 967, §57; p. 1011, §170 (Anno). (2) 29 Cyc. p. 883. (3) 4 C. J. p. 835, §2817. (4) 29 Cyc. pp. 883, 886, 899, 901, 911, 918. See under (2-4) 20 R. C. L. p. 291.