PONDER v. STATE ex rel. BRUCE,
County Atty.

*99 P. 2d 129.*

No. 29524. Feb. 13, 1940.

Sigler & Jackson, of Ardmore, for plaintiff in error.

Alvin C. Bruce and R. H. Brett, both of Ardmore, for defendant in error.

HURST, J. This is a proceeding instituted by the state of Oklahoma, on the relation of the county attorney, to confiscate and forfeit an automobile. The plaintiff alleged that the car belonged to Douglas Ponder, and that the same was being used to violate the state's prohibitory laws with his knowledge and consent. Douglas Ponder intervened, claiming ownership and denying he had knowledge of its unlawful use. From a judgment ordering the confiscation and forfeiture of the automobile, the intervener appeals.

At the trial, the plaintiff's evidence disclosed only the following: That Frank Conway, who was an employee of the intervener's brother, used the automobile to unlawfully transport 624 pints of intoxicating liquor. The intervener testified that at this time he was in Texas and he had left his automobile with his brother, J. B. Ponder, to have some repairs made. He also testified that he had no knowledge the car was being used for an unlawful purpose, and if his brother or Frank Conway were so using the car, it was without his consent.

One of the intervener's contentions is that the evidence was insufficient to sustain the judgment for the reason that the evidence fails to show that the car was unlawfully used with the owner's consent or knowledge.

1. It is a settled rule of law in this jurisdiction that the unlawful use of an automobile to convey intoxicating liquors by one lawfully in possession of the car does not forfeit the owner's right to the automobile used for such unlawful purpose without the owner's consent, fault, or knowledge. Hoskins v. State ex rel. Crowder, County Atty., 82 Okla. 200, 200 P. 168; General Motors Acceptance Corporation v. State, 170 Okla. 355, 40 P. 2d 654. It follows that in the instant case where plaintiff admitted that the car belonged to the intervener, it must show that the car was unlawfully used with his consent, fault, or knowledge.

2. Apparently, the trial court inferred that the intervener had knowledge of the illegal use of the automobile from the evidence showing that J. B. Ponder used the car part of the time and made part of the payments on its purchase price. However, this inference is not justified, for knowledge of the unlawful use of the car could not be imputed to the intervener solely from these facts, nor could knowledge be imputed to him because of their relationship. It was essential that there be some evidence showing that the intervener knew or should have known that his brother would use the car unlawfully or that it was so used through his fault. There is no such evidence in the record. Under such circumstances the judgment cannot be sustained. Riddle v. Garner, 175 Okla.

325, 52 P. 2d 837. Our view of this point dispenses with the necessity of discussing the other argument presented.

Judgment reversed and remanded, with directions to grant a new trial.

RILEY, CORN, GIBSON, and DANNER, JJ., concur.