## CHAPMAN v. STATE.

No. 30040.   Feb. 3, 1942.

*121 P. 2d 991.*

J. F. Beavers, of Muskogee, for plaintiff in error.

Douglas C. Garrett, County Atty., and P. W. Jones, Asst. County Atty., both of Muskogee, for defendant in error.

PER CURIAM.   On the 12th day of March, 1940, the jury returned a verdict for the State of Oklahoma in favor of the prosecutrix and against Clay Chapman in a bastardy proceeding, and the court entered judgment thereon. Defendant has appealed, and the sole issue presented is the error of the trial court in denying a motion for new trial on the ground of newly discovered evidence.

The defendant admitted acts of sexual intercourse with the prosecutrix on

March 6th and March 8th before twins were born on October 21, 1939.

The evidence is not presented except in narration on stipulation of the parties. So far as the record discloses, no exceptions were saved to any of the evidence offered, the instructions of the court, or any of the proceedings prior to the filing of the motion for new trial. The defendant offered the affidavit of Albert Ellis, in which it is stated that the said Albert Ellis had sexual intercourse with the prosecutrix on March 11, 1939. We have examined the motion for new trial, the affidavit in support thereof, and the record in connection therewith, and are of the opinion that the court did not err in refusing to grant a new trial. Wilson v. State, 73 Okla. 227, 175 P. 829; Bond v. State, 131 Okla. 104, 267 P. 850; Magnolia Pet. Co. v. McDonald, 168 Okla. 255, 32 P. 2d 909; Reviere v. Payne, 166 Okla. 150, 26 P. 2d 734; Holly v. Holly, 174 Okla. 626, 51 P. 2d 527; Abrams v. Neal, 182 Okla. 560, 78 P. 2d 1049; Belford v. Allen, 183 Okla. 256, 80 P. 2d 671.

There is a narration of the testimony of the physician who attended the prosecutrix at the birth of the twins. He stated that from the history given by the prosecutrix her last menstrual period commenced March 15, 1939, and that the twins were prematurely born, approximately seven and one-half months after conception.

Considering this testimony and all the other facts and circumstances, we are of the opinion that a new trial would probably not result in a change in the verdict. Vickers v. Philip Carey Co., 49 Okla. 231, 151 P. 1023, L.R.A. 1916C, 1155.

The judgment of the trial court is affirmed.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and GIBSON, J., absent.