1942 CHEVROLET AUTOMOBILE NO. BA 193397 et al. v. STATE ex rel. CLINE, County Atty.

No. 30823. March 9, 1943.

Rehearing Denied May 4, 1943.

Application for Leave to File Second Petition for Rehearing Denied June 8, 1943.

*136 P. 2d 395.*

Tyree & Busby, of Lawton, for plaintiffs in error.

Ralph H. Cline, County Atty., of Lawton, for defendant in error.

GIBSON, V. C. J. This appeal is from the judgment of the county court of Comanche county decreeing forfeiture and ordering the sale of a certain automobile taken by officers in the alleged illegal transportation of intoxicating liquor (37 O. S. 1941 §§ 111-114).

The respondent first challenged the jurisdiction of the trial court as limited by that portion of section 12, art. 7, of the Constitution which provides that the county court, "until otherwise provided by law, shall have concurrent jurisdiction with the district court in civil cases in any amount not exceeding one thousand dollars, exclusive of interest."

The value of the automobile exceeded $1,000.

Respondents urge that the jurisdictional limitation of $1,000 applies here for the reason that the forfeiture statute, above, shows no disposition on the part of the Legislature to extend the jurisdiction as by the Constitution authorized. They concede that the limitation does not apply in those cases where the Legislature, by valid act, has vested exclusive jurisdiction in the county court, but insist that where, as here, the county court has concurrent jurisdiction with the district court, the limitation does apply. Wilson v. State, 73 Okla. 227, 175 P. 829; Bennett v. State, 147 Okla. 14, 294 P. 149. The above contention, as a general proposition, finds support in the statement of the court in the latter case, as follows:

"The limitation on the jurisdictional amount of $1,000 applies in civil cases where the county court has concurrent jurisdiction with the district court. There is no constitutional limitation on the jurisdiction of the county court in civil cases where the county court is, by valid legislative enactment, given exclusive jurisdiction."

And on another occasion we have said in effect that where the value of the automobile was in excess of $1,000 the amount involved was beyond the jurisdiction of the county court and was therefore within the jurisdiction of the district court alone. McAdams v. State, 101 Okla. 267, 219 P. 145. The statement in that case and here referred to reads as follows:

"Objection is also made to the jurisdiction of the court because the action was brought in the district instead of the county court, but the estimated value of the car was beyond the jurisdiction of the county court, and the action was properly brought in the district court, the car being valued at $1,200."

That statement, however, was wholly unnecessary to the decision reached in the case. The district court has concurrent jurisdiction with the county court in libel proceedings of this character and a holding to that effect was all that was necessary, without regard to the jurisdictional limitation upon the amount of the value of the property involved, since there is no such limitation in district court.

A direct statement of the law on this subject was made in Ashbrook, Gd'n, v. State, 92 Okla. 287, 219 P. 347, wherein the value of the seized property was in excess of $1,000. In answer to the respondent's objection to the jurisdiction of the county court on that ground, the court said:

"It is sufficient to say that by the provisions of article 2, ch. 52, Comp. Stat. 1921, jurisdiction is conferred upon any judge or any court of record to enforce the prohibitory laws of the state, and in a proceeding before the county court, under the provisions of said chapter 52, the county court has jurisdiction regardless of the value of the property involved."

The rule expressed in the syllabus, however, was not as broad as the above statement. It reads as follows:

"The county courts have jurisdiction to hear and determine controversies concerning property seized by an officer, under section 7014, Comp. Stats. 1921."

It is true, as respondents say, that the law adopted by the court is to be declared in the syllabus (12 O. S. 1941 § 977); but the reasoning of the court expressed in the body of the opinion is of great weight as an aid in interpreting the law so declared. Corbin v. Wilkinson, 175 Okla. 247, 52 P. 2d 45. And we are of the opinion that the above-quoted syllabus, interpreted in connection with the related expression of the court, is broad enough to constitute a holding that the county court has jurisdiction of cases such as this without regard to the value of the property involved.

It is contended that Corbin v. Wilkinson, above, is of little importance here for the reason that the jurisdictional question was raised for the first time on appeal. Respondents say that the court, instead of deciding the question, should have indulged the presumption that the county court had jurisdiction, and that the value of the car did not exceed $1,000. One Hudson Super-Six Automobile, etc., v. State, 77 Okla. 130, 187 P. 806. In that case an alleged owner of the automobile intervened, as did a mortgagee. The question of value was not raised at the trial; and there was neither evidence offered nor finding of the court on the question. Therefore this court accorded to the judgment the presumption of validity to which all judgments of courts of record are entitled.

In the instant case it was stipulated that the value of the car exceeded $1,000. The respondents made timely objection to the jurisdiction on that ground and were overruled. The question is now properly before this court. Assuming that excessive value is a jurisdictional limitation that may be waived for failure to object in the trial court, and that the question should not have been entertained in Ashbrook v. State, supra, the court's statement of the law on that question was entirely correct, and constitutes a guide in this case.

In proceedings of this character the right to the possession of the property often becomes involved. That was the situation here. But the value is of no importance. It is the property, not the value thereof, which is sought by the claimant. There is no alternative. A money judgment in lieu of the property can never be awarded as may be done in actions where the property may have passed beyond the processes of the court. A libel proceeding such as this is wholly in rem; the property remains always in the custody of the law, and the cause is unaffected by the pecuniary amount involved.

The constitutional provision, above, does not purport to withhold proceedings of this character from the jurisdiction of the county court. The Legislature by the act aforesaid recognized that fact and conferred unlimited jurisdiction upon the county court as well as the district court in cases of this kind.

The evidence has been challenged as insufficient to support the findings and judgment of the trial court.

Respondent Opal Weaver asserted her ownership of the automobile. This allegation was sustained by the undisputed evidence. She was the wife of Ervin Weaver, who allegedly used the automobile in the unlawful transportation of intoxicating liquor. The trial court found that the car was being so used by Ervin Weaver. But Opal Weaver says that the evidence was wholly insufficient to show that the alleged unlawful use was with her "consent, fault, or knowledge," the proof of which rests with the state in such case. Ponder v. State, 186 Okla. 522, 99 P. 2d 129. The specific finding of the court was that Opal Weaver knew or had reason to know that said automobile would be used by Ervin Weaver in such unlawful manner, and that from the evidence "her good faith in the use of said automobile is not exhibited."

Opal Weaver testified that she did not know that her husband intended to or was using her automobile in the transportation of liquor; he had a car of his own but often drove hers for the reason that she was unable to operate a car

and she had no one else to drive it for her. On cross-examination she testified, over the objection of her counsel, that she knew that her husband had previously been convicted of violation of the liquor laws, but believed that he had not been engaged in any liquor law violations since that time, and, especially, since they had removed their residence from a hotel to their new home. There was no contrary evidence.

The substance of the evidence is that Opal Weaver knew that her husband on some former occasion or occasions had been convicted of liquor law violations, but was under the impression that he no longer engaged in the liquor traffic.

The most that can be said of such evidence is that by reason of the intimate relationship that ordinarily obtains between husband and wife it was sufficient to create in the mind of the average person a suspicion that Opal Weaver knew that her husband would continue to violate the law, and gave her consent thereto, or was aware of the unlawful use of the car, or was in some way at fault.

No such presumption may rightfully be indulged against anyone. There is no rule of law that imputes to the knowledge of a woman, by mere reason of the marriage status, every act, or even the occupation, engaged in by her husband. The confiscation of property is an extremely serious matter, and is wholly out of favor. Though it falls within the prerogative of the state, it is simply an act of penal justice for the punishment of serious crime. 12 C. J. 426. So far as the record shows, Opal Weaver committed no crime. Nor is it shown that she stood by and permitted her property to be employed in the commission of a crime, or that she had knowledge thereof or consented thereto in any way. And there is nothing to show that she shared in the alleged fault of her husband. The general rule governing this question is stated in Ponder v. State, supra, as follows:

"In action to forfeit owner's right to automobile for unlawful use in conveying intoxicating liquors by one not the owner, plaintiff must show that automobile was so used with owner's consent, fault, or knowledge."

Since the appeal involves only the right of Opal Weaver to the possession of the automobile, we need not consider the alleged error in overruling her objection to questions concerning her knowledge of Ervin Weaver's former conviction for violation of the liquor laws. Even with that evidence there was insufficient proof to warrant a judgment of confiscation.

The judgment is reversed for a new trial.

CORN, C. J., and BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., not participating. OSBORN, J., absent.