LOFTIS et al. v. STATE ex rel. CRISWELL, Co. Atty.

No. 33897.  Oct. 17, 1950.

*223 P. 2d 361.*

Ryan Kerr, of Altus, for plaintiff in error.

Loys W. Criswell, Co. Atty., and W. J. Ivester, Asst. Co. Atty., both of Altus, for defendant in error.

JOHNSON, J.  The record reveals that the brief resume of the facts by plaintiff in error is substantially correct and undisputed by the defendant in error, and shows that on June 19, 1948, one Cecil Nall, a taxi driver for the 383 Taxi Company of Altus, Oklahoma, owned by plaintiff in error, Melvin Loftis, was arrested for speeding on the city streets of Altus, Oklahoma. This driver was driving the cab in question in this cause.  The driver was taken before the police judge.  While the driver was in court, the arresting state highway patrolman searched the cab and discovered two pints of whisky.

On June 24, 1948, the county attorney of Jackson county, Oklahoma, filed in the district court of said county a petition, alleging that the plaintiff in error, Melvin Loftis, was the owner of said cab and that it was being unlawfully used to transport intoxicating liquor by said plaintiff in error and the driver, and praying for an order of confiscation of the cab. Hugh Garnett was made a party defendant by virtue of a chattel mortgage held by him.  Both plaintiff in error and Garnett filed separate answers, denying that the automobile was being used in violation of law with their knowledge and consent, and praying for an order of the court restoring to each their respective rights and property.

On the 13th day of July, 1948, the cause was heard before the court, jury having been waived. At the conclusion of the evidence of the state, the plain-

tiff in error demurred to the evidence, which was overruled and exceptions allowed. At the same time the court sustained the demurrer of Hugh Garnett. The plaintiff in error then adduced evidence in his behalf, rested, and moved for judgment, which was by the court overruled, exceptions taken and allowed. Motion for new trial was filed and overruled, supersedeas bond filed and approved, resulting in this appeal.

For grounds of reversal plaintiff in error submits but one proposition:

"The trial court erred in overruling his demurrer to the evidence for the reason that the evidence was insufficient and fails to show that the automobile in question was unlawfully used with the owner's consent or knowledge."

In order for an automobile to be confiscated because it was used for illegal transportation of intoxicating liquor by one not the owner, it must be shown that it was so used with owner's consent, fault or knowledge. One Chevrolet Automobile et al. v. State ex rel. Cline, 192 Okla. 555, 136 P. 2d 395. Such finding having been made by the trial court, the question is: Was there sufficient evidence to support the order of confiscation?

The defendant in error rests its case entirely upon circumstantial evidence. No direct evidence was presented to show that plaintiff in error Melvin Loftis, knew that intoxicating liquor was being transported in his automobile. However, the evidence did show that plaintiff in error owned the cab driven by Cecil Nall, and five other cabs, operating under the name of 383 Cab Company of Altus, Oklahoma, and that plaintiff in error had owned the cab company about two years; that he knew of no liquor law violations by Nall, the driver. He denied that the liquor was in the cab through his knowledge, consent or fault. He admitted that eight years before he had been convicted for liquor law violations, but the last had been in 1940.

Defendant in error, to sustain the finding of the trial court, cites and relies upon Peavler et al. v. State, 79 Okla. 308, 193 P. 623, asserting that the facts are very similar to those in the instant case; asserting further that in that case the automobile which the state confiscated was being used as a taxicab; at the time the liquor was transported therein it was being driven by an employee of Peavler, the owner. Peavler acknowledged that he had previously operated a roadhouse and that he was there selling "black bottles," and that while he operated the roadhouse he had in his employ the person who was driving the automobile when liquor was found being transported therein. An examination of the record in the instant case does not show such a relationship between the owner of the cab and the driver, but shows that the owner never knew of any violations ever having been committed by the driver, and his arrest was the first known to him.

The most that can be said of the evidence herein is that the judgment is based upon proof of a mere possibility and conjecture that plaintiff in error consented to and had knowledge of the illegal transportation of liquor in the automobile in question. The evidence is insufficient to sustain a judgment. One Chevrolet Automobile et al. v. State ex rel. Cline, supra.

Judgment is reversed and new trial granted.

DAVISON, C.J., and CORN, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.