**ONE 1937 DODGE COUPE et al.**

v.

**STATE ex rel. SPRINGER, County Atty.**

**No. 33765.**

Supreme Court of Oklahoma.

Jan. 12, 1954.

Irvine E. Ungerman, Tulsa, Charles A. Whitebook, Tulsa, of counsel, for plaintiffs in error.

J. M. Springer, County Atty. of Nowata County, Nowata, for defendant in error.

WELCH, Justice.

One Charles Stout operated and drove the Dodge Coupe in question in Nowata County, Oklahoma, and into the City of Nowata. There the auto was searched by the County Sheriff and his deputies and found to contain eighteen and one-half cases of intoxicating liquor being transported in violation of law. Stout was prosecuted in the county court in Criminal Cause *No. 4724* for the crime of transporting intoxicating liquor; and this proceedings No. 770 was commenced against the Dodge Coupe and Charles Stout, later amended to add Harry McCarthy as a defendant, to confiscate the Dodge Coupe. The Criminal Case *No. 4724* was tried first, apparently including therein the trial of a motion to suppress evidence for alleged illegal search of the auto, and Stout was convicted of the crime charged, which judgment of conviction was affirmed on appeal to the Criminal Court of Appeals. Stout v. State, 90 Okl.Cr. 360, 214 P.2d 271. See, also, State v. Stout and McCarthy, 90 Okl.Cr. 35, 210 P.2d 199.

Thereafter this proceeding to confiscate the Dodge Coupe was tried, resulting in judgment for the State, from which judgment of confiscation Harry McCarthy prosecutes this appeal. In this proceeding there was reference to Harry McCarthy as the owner of the car. He was the owner or claimed to be the owner of the car, and on

that basis presents this appeal. There is no contention, however, that Charles Stout was illegally in possession of the car or that he had such possession of the car against the will of Harry McCarthy.

It was contended both by Stout and McCarthy in the trial court that the search of the Dodge Coupe in Nowata was an illegal search. Upon that point the essential facts are that Stout was escorted to the sheriff's office. The deputy sheriff stated that he had arrested Stout for violation of traffic laws, or for illegally operating his car over the highways. On the other hand, Stout contended that he was not arrested at all, but was just directed or requested to go to the sheriff's office. At any rate, Stout was escorted to the sheriff's office and there the sheriff directed one of the deputy sheriffs to go and get a search warrant. Thereupon, and before any search warrant was issued, Charles Stout voluntarily delivered his car keys to the sheriff and told him to go and search the car and that it contained eighteen and one-half cases of intoxicating liquor, and that it wasn't necessary to get any search warrant. The sheriff testified specifically as to that incident, and it was not denied by Charles Stout. Charles Stout had already testified as a witness in the case, and thereafter when the sheriff testified as to this incident, preceding the search of the Dodge Coupe, Charles Stout was not recalled to the witness stand for any purpose at all.

Argument is made as to the alleged illegality of the search warrant, but we find it unnecessary to discuss that contention since this search was consented to by Stout, who was then in control of the Dodge Coupe, and no objection was made to the search by anyone, and we hold that the search of the Dodge Coupe was legally made.

Argument is made that the arrest of Stout for speeding or illegal driving was itself an illegal arrest, but we need not discuss that. The only question upon the point now under discussion is whether the search of the Dodge Coupe was a legal search or an illegal search, and we have found that it was consented to and was a legal search.

In behalf of Harry McCarthy individually it is argued that he was the owner of the Dodge Coupe and that if the car was used illegally by Stout that it was without consent, fault or knowledge of McCarthy; that an issue thereon was made, and that the evidence was not sufficient to justify confiscation or forfeiture of the Dodge Coupe.

On that point we observe the following facts: Harry McCarthy sought both by motion and demurrer to have his name as defendant stricken, and that he be dismissed from the proceeding, but his motion and demurrer to that end were overruled. Thereafter, and prior to the trial of this case, all parties signed a written stipulation which was filed in the case. That stipulation provided that the evidence theretofore taken by the court reporter in the criminal case No. 4724, and the evidence in support of a motion to suppress the evidence in case No. 4724 should be considered in its entirety as the evidence in this case, and should also be considered as having been heard by the trial court here "in support of the motion filed herein by Charles Stout for return of the seized property, to-wit, One 1937 Dodge Coupe, and to suppress the evidence obtained by the State of Oklahoma in this cause." Thereafter Harry McCarthy filed his separate answer and counterclaim alleging his ownership of the Dodge Coupe and that he knew nothing of Stout's law violation and that if Stout used the auto illegally it was without his consent, fault or knowledge. Thereafter when the cause or proceeding came on for trial it was again stipulated in open court that the cause be submitted to the court upon the evidence referred to in the written stipulation above noticed.

No other evidence or testimony whatever was offered or presented. Thus the whole evidence in this case dealt solely with the issuance of the search warrant and with the actions and statements of Stout and the enforcement officers commencing when they first met about an hour or two before the search and extending up to the search of

the Dodge Coupe as above set out. That was the sole evidence to be presented, as fixed by written stipulation of all of the parties before Harry McCarthy filed his answer and counterclaim. That evidence does not in any manner touch on the question whether the unlawful use of the automobile was without the owner's consent, fault or knowledge as specifically alleged by McCarthy in his answer and counterclaim. For that matter this evidence does not touch upon the question whether McCarthy was in fact the owner of the Dodge Coupe. Of course when the parties entered into the written stipulation all knew that the transcript of testimony then to be presented in this case did not touch upon the ownership of the car, or the question of whether the unlawful use of the car was without the owner's consent, fault or knowledge. Therefore it seems clear to us that this cause was presented to the trial court upon the sole issue whether the search of the automobile was a legal search or an illegal search. There was no issue in the evidence as to whether McCarthy was the owner of the car or not, that is, there was no evidence on that point at all. Likewise there was no issue in the evidence on the point whether the illegal use of the automobile was without the owner's consent, fault or knowledge, if McCarthy was the owner.

Argument is presented as to where lies the burden of proof as to whether the unlawful use of the automobile was without the owner's consent, fault or knowledge, but we deem it wholly unnecessary to discuss that question. We are forced to the conclusion that as to both Stout and McCarthy this cause was presented to the trial court on the sole question of the alleged illegal search of the Dodge Coupe; that no other issue could have been decided by the trial court on the evidence submitted; that no other issue was decided by the trial court; and that no other issue is properly presented to this court on this appeal.

There is no question but that the Dodge Coupe was being so illegally used as to justify its confiscation under the statute: 37 O.S.1951 §§ 111–113.

It seems clear to us that when all parties by written stipulation agreed to submit the issues in this proceeding upon the transcript of evidence taken from the criminal case, that they thereby limited the issues to be determined by the trial court in this proceeding, and that such limitation resulted in the submission of this cause upon the sole issue as above stated, and as above determined against the contentions of the plaintiff in error.

There was no illegality in the search of the Dodge Coupe and there was no error in the judgment of confiscation based upon the evidence submitted in this proceeding upon the written stipulation of the parties.

The judgment is affirmed.

JOHNSON, V. C. J. and CORN, O'NEAL and BLACKBIRD, JJ., concur.

ARNOLD, J., dissents.

HALLEY, C. J., and WILLIAMS, J., concur in part and dissent in part.

WILLIAMS, Justice (dissenting in part).

I agree with that part of the majority opinion holding the search to be valid, but I respectfully dissent to that part holding that no issue was raised with respect to which party had the burden of proof as to whether McCarthy did or did not have knowledge that the automobile was being used illegally.

I believe the issue was properly raised by the State in the amended petition when it named McCarthy in the caption thereof as owner of defendant automobile and by McCarthy pleading innocence of knowledge of unlawful use thereof, and should be ruled upon by this court. In the case of Peavler v. State, 79 Okl. 308, 193 P. 623, it was held that where the state established that the automobile was used to convey intoxicating liquors illegally the burden of proof was on the claimant to establish that the car was so unlawfully used without his knowledge, fault or consent and was being so used under circumstances that would not impute knowledge or consent to him. Although this case has never been overruled, two later cases, Ponder v. State, 186 Okl. 522, 99 P.2d 129 and One Chevrolet Automobile v. State ex rel. Cline, 192 Okl. 555,

136 P.2d 395, announced a contrary rule which placed the burden upon the state to prove that the use of the automobile for unlawful, purposes was with the knowledge, fault or consent of the owner. I believe the Peavler case is in accordance with the weight of authority, see 48 C.J.S., Intoxicating Liquors, § 397, pp. 662 and 663; note 48 at page 663, and that the other two cases cited should be overruled.

Due to the confusion as to which line of reasoning we might be expected to follow, and in view of the fact that McCarthy may have relied upon the last two cases cited, I think in all fairness and justice, he should be granted a new trial and given an opportunity to discharge the burden of proof resting upon him by reason of the rule in the Peavler case.

I am authorized to state that Mr. Chief Justice HALLEY concurs with the views herein expressed.